SUE PISCIOTTO, Plaintiff-Appellant, *v.* NATIONAL HEATER COMPANY, Defendant-Appellee.—(LEONARD POCHTER, d/b/a ACME TEMPERATURE CONTROL CO., Defendant.)

(No. 56763; )

First District (3rd Division)—July 3, 1974.

Dom J. Rizzi, of Chicago, for appellant.

Howard & French, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from the order of the circuit court of Cook County dismissing plaintiff's wrongful death action as to defendant National Heater Company. The trial court dismissed the action as to National Heater Company with prejudice for plaintiff's failure to use reasonable diligence to obtain service of process on National Heater Company after the applicable statute of limitations had run. (Ill. Rev. Stat. 1971, ch. 110A, par. 103(b).) The only issue raised is whether the trial court abused its discretion in dismissing plaintiff's complaint for lack of reasonable diligence in obtaining service of process.

We affirm.

On January 30, 1970, plaintiff, Sue Pisciotto, individually, and as administratrix of the estate of Philip Pisciotto, deceased, filed a complaint against National Heater Company and Leonard Pochter, d/b/a Acme Temperature Control Co. Plaintiff's six-count complaint alleged that the deceased, while exercising due care, was injured when a heater at the Devoe Paint Company plant, 2421 South 25th Avenue, Boadview, Illinois, exploded. Deceased was an employee at the plant. Plaintiff charged National Heater Company with negligence and breach of warranty. She charged Leonard Pochter with negligence for failure to properly adjust and repair the gas heater.

The record shows that on January 30, 1970, a summons was issued for Pochter, and was returned not found on February 18, 1970. On February 24, 1970, an alias summons was issued for Pochter and was again returned not found on February 28, 1970. On June 22, 1971, an alias summons was issued for Pochter and he was finally served on June 24, 1971.

On April 28, 1971 an alias summons was issued for National Heater Company, but was returned not found on April 30, 1971. This summons contained the following directions:

"PLEASE SERVE:
NATIONAL HEATER COMPANY a/k/a
NATIONAL AIR SYSTEM DIVISION OF
RHEEM MANUFACTURING COMPANY
% C.T. CORPORATION SYSTEM
208 South LaSalle St.
Chicago, Illinois"

On June 22, 1971, an alias summons was issued for National Heater Company and served on Rheem Manufacturing Company on June 23, 1971. This summons contained the following directions:

"PLEASE SERVE DEFENDANT AT:
2. RHEEM MANUFACTURING COMPANY
% C T CORPORATION SYSTEM
NATIONAL HEATER COMPANY a/k/a
NATIONAL AIR SYSTEM DIVISION
208 South LaSalle St.
Chicago, Illinois AN 3-1414"

Supreme Court Rule 103(b) provides in pertinent part:

"(b) Dismissal for Lack of Diligence.
If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1971, ch. 110A, sec. 103(b).

■■■ A motion to dismiss under Rule 103(b) is addressed to the sound discretion of the trial court. We will reverse an order of dismissal when this discretion has been abused. (*Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510.) Each case must be decided on its own particular facts and circumstances, but courts will look at certain factors in deciding whether plaintiff has exercised reasonable diligence. In *Schultz v. McElroy,* 9 Ill.

App.3d 940, 293 N.E.2d 353, the court listed the following factors which courts have recognized:

"(1) the length of time used to obtain service;
(2) the activities of the plaintiff;
(3) any knowledge on the part of the plaintiff of defendant's location;
(4) the ease with which defendant's whereabouts could have been ascertained; and
(5) the actual knowledge by defendant of the pendency of the action." *Schultz v. McElroy, supra,* at 943.

In the instant case defendant's motion to dismiss was based on the relatively lengthy period of time it took to attempt service of process. The record discloses that plaintiff filed her complaint nearly 2 years after deceased's death and just before expiration of the applicable statute of limitations. The first alias summons was issued approximately 15 months after the complaint was filed and 14 months after the statute of limitations had run. Service was accomplished approximately 17 months after the complaint was filed and 16 months after the statute of limitations had run.

In support of her motion to vacate the order of dismissal, plaintiff filed the affidavit of the attorney who was in charge of her case. In it he attempted to explain why it took so long to obtain service of process on National Heater Company. In his affidavit the attorney set out that on January 30, 1970, when summons was issued on Leonard Pochter, no summons was issued on National Heater Company because "its status as an individual proprietorship, partnership, or corporation was unknown as was its address or the address of a registered agent." The only other statement relating to plaintiff's efforts to locate defendant is that "[p]laintiff's attorneys made diligent efforts to locate the whereabouts of NATIONAL HEATER COMPANY and in April, 1971 it was determined that the difficulty and inability experienced by plaintiff in locating defendant * * * was caused by the fact that [defendant] had been bought or otherwise acquired by Rheem Manufacturing Company."

These sworn statements suggest some reason why plaintiff may have had difficulty in ascertaining defendant's whereabouts. However, in the most conclusory manner, the affidavit alleged that diligent efforts were made to locate defendant. The affidavit did not mention any specific things that plaintiff did in this regard. Plaintiff has failed to demonstrate how she was diligent under the circumstances. Furthermore, the record does not indicate any actual knowledge by defendant of the pendency of the action.

■■ Under all the circumstances, we cannot say that the trial court

abused its discretion in dismissing plaintiff's complaint as to National Heater Company. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P. J., and MEJDA, J., concur.