MARTIN E. CONNAUGHTON *et al.*, Plaintiffs-Appellants, *v.* ROBERT BURKE *et al.*, Defendants-Appellees.

First District (1st Division)   No. 61027

Opinion filed March 7, 1977.

Wayne B. Giampietro and Elizabeth Hubbard Seidman, both of Chicago, for appellants.

Irving M. Friedman, Harold A. Katz, Arthur Brody and Katz & Friedman, all of Chicago, for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, Martin E. Connaughton and 14 others, employees of Great Lakes Towing Company (Great Lakes), brought suit in chancery against Local Union 374—2 of the Licensed Tugmen's & Pilots' Protective Association (Local), the Grand Lodge of the Licensed Tugmen's & Pilots' Protective Association (Grand Lodge) and The International Longshoremen's Association (ILA). The trial court quashed service on ILA and denied a motion to vacate that order; subsequently it dismissed plaintiffs' second amended complaint for lack of diligence, pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 103(b)), and denied plaintiffs leave to file a third amended complaint. From these orders plaintiffs appeal, contending (1) the trial court abused its discretion in dismissing the suit pursuant to Rule 103(b); (2) the trial court erred in quashing service on ILA; and (3) the trial court improperly denied plaintiffs leave to file a third amended complaint.

Plaintiffs are 15 tugboat captains who formed their own labor association in 1966 because they were dissatisfied with their representatives, Local, Grand Lodge and ILA. Subsequent to the formation of their own association, plaintiffs were discharged by their employer, Great Lakes.

The original complaint, filed August 16, 1966, alleged *inter alia* that plaintiffs' discharge was caused by the coercive and threatening conduct

of Local and ILA against their former employer, Great Lakes. Plaintiffs prayed for the enjoining and restraining of the unlawful conduct of defendants and for compensatory and punitive damages. Summonses issued for Local through its president, Rufus Young, and for ILA through its president, Thomas W. Gleason. (Grand Lodge was not a defendant in this complaint.) Gleason was served in New York on October 11, 1966. On November 10, 1966, ILA filed a special appearance. On February 23, 1967, Local removed the case to the United States District Court. The case was remanded to the circuit court of Cook County on May 29, 1968.

Subsequent to the remand and after a hearing, the circuit court on December 10, 1968, quashed service on ILA, dismissed the complaint against each of the defendants and granted plaintiffs leave to file an amended complaint.

On January 10, 1969, an amended complaint was filed. Named as defendants were Rufus Young as president of Local, Patrick Cullnan as president of Grand Lodge, and James Gleason as president of ILA. Young (Local) was served on November 13, 1969; Cullnan (Grand Lodge) was not served, but its attorney was advised of the pendency of the complaint; and Gleason (ILA) was served on January 30, 1970. Young (Local) and ILA specially appeared on December 12, 1969, and February 27, 1970, respectively, and moved to quash the service against them. On March 10, 1970, Young's motion was continued.

Three and one-half years later, on September 28, 1973, plaintiffs moved to reinstate the case on the trial call in the circuit court. On October 5, 1973, the case was set on the trial call for December 3, 1973. On November 19, 1973, the case was removed from the December 3, 1973, call and the pending motions were continued. On November 30, 1973, Robert Burke, as president of Local, was substituted as a defendant in place of Rufus Young.

On December 3, 1973, a second amended complaint was filed, naming as defendants Burke as president of Local, Cullnan as president of Grand Lodge, and Gleason as president of ILA. The pending motions to quash were continued several times to March 28, 1974. Neither Burke nor Cullnan was ever served with reference to the second amended complaint. On February 11, 1974, ILA filed a memorandum in support of its motion to quash. On April 26, 1974, counsel for defendants appeared and counsel for plaintiffs did not; the trial court granted the motion to quash service "as to certain defendants." On May 20, 1974, plaintiffs moved to vacate the order quashing service "as to certain defendants." On that same date, the trial court denied plaintiffs' motion to vacate the order quashing service of summons "on defendant William Gleason."

Subsequently, on July 26, 1974, defendants moved, pursuant to Supreme Court Rule 103(b), to dismiss for plaintiffs' lack of reasonable

diligence in serving defendants and plaintiffs asked leave to file a third amended complaint, naming as defendants Burke as president of Local, Jerry Williams as president of Grand Lodge, and Gleason as president of ILA. The trial court on that same day granted defendants' motion to dismiss for lack of diligence and denied plaintiffs' motion to file a third amended complaint.

On August 22, 1974, plaintiffs appealed from the judgment entered July 26, 1974, in favor of Burke as president of Local and in favor of Williams as president of Grand Lodge, from the judgment entered on April 26, 1974, in favor of Gleason as president of ILA, and from the order of May 20, 1974, denying plaintiffs' motion to vacate the order of April 26, 1974. Plaintiffs also appealed from the order of July 26, 1974, denying them leave to file a third amended complaint.

Plaintiffs contend that the trial court abused its discretion in granting defendants' motion to dismiss for failure to exercise reasonable diligence in obtaining service on defendants. Supreme Court Rule 103(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 103(b)).

■■ Under Rule 103(b) the burden of showing reasonable diligence is on the plaintiff. (*Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334.) The standard for determining reasonable diligence is objective. (*Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.) Factors to be considered are (1) the time sequence, (2) the activities of plaintiff, (3) plaintiff's knowledge of defendant's location, (4) the ease with which defendant's whereabouts could have been ascertained, (5) defendant's knowledge of the pendency of the action, (6) the special circumstances affecting plaintiff's efforts, and (7) actual service on defendant. *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270; *Felton v. Coyle* (1965), 66 Ill. App. 2d 4, 214 N.E.2d 359.

In *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473, a dismissal was upheld because the service was more than five years after suit had been filed. In *Pisciotto v. National Heater Co.* (1974), 21 Ill. App. 3d 73, 315 N.E.2d 121, service 17 months after the filing of a complaint was held to be a lack of reasonable diligence.

As to Grand Lodge, the record shows that during the entire pendency of this suit plaintiffs have not obtained service on Grand Lodge. In the five years that plaintiffs sosght to make Grand Lodge a defendant, only two attempts were made to serve Cullnan as president, the last one on March 22, 1969. It was only when plaintiffs sought to file a third amended complaint in 1974 that Cullnan's successor as president was sought to be made a party. This was five years after Cullnan's death. The record shows no explanation for this delay.

As to Local, the record shows that from the filing of the suit in 1966 and during a period of more than seven years thereafter plaintiffs were unable

to make Local a party. On only five occasions did they make an attempt to serve Young as president. In November 1969 he was served and filed a special appearance and a motion to quash. In November of 1973 Burke was substituted for Young as president. Plaintiffs concede that the service upon Young then became ineffective. A second amended complaint was filed December 3, 1973, naming Burke as president of Local. He has never been served since then.

As to ILA, the record shows that plaintiffs twice served Gleason as president in New York, once in 1966 and once in 1970. The first service was quashed in 1968 and the second in 1974.

In summary, Grand Lodge was never served and, during the more than seven years pendency of this suit, there was no effective service on either Local or ILA.

■■ Further, plaintiffs did not have special process servers appointed (*Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 293 N.E.2d 353) nor did they prove the existence of any special circumstances preventing service, such as difficulty in locating Young or Cullnan or the purposeful avoidance of service. In addition, any actual knowledge of the suit by defendants is not in and of itself sufficient to require a reversal of a dismissal under Rule 103(b). *Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.

■■ On the record before us, we find that the trial court did not abuse its discretion in granting defendants' motion to dismiss for lack of diligence in obtaining service.

■■■ Plaintiffs also contend that the trial court improperly quashed service on ILA on April 26, 1974, and improperly refused to vacate that order on May 20, 1974. At the time of the entry of the order quashing service, ILA was the only defendant before the court:—Cullnan (Grand Lodge) had never been served and there had been no effective service on Gleason (Local). The order quashing service on ILA was, therefore, final and appealable. (See *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836; *Lombardi v. Lombardi* (1961), 31 Ill. App. 2d 184, 175 N.E.2d 582.) Plaintiffs' notice of appeal filed on August 22, 1974, was more than 30 days after the denial of the motion to vacate on May 20, 1974. Consequently, this court has no jurisdiction to review the orders of April 26, 1974, and May 20, 1974. (Ill. Rev. Stat. 1973, ch. 110A, par. 303; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900. *cert. denied,* 400 U.S. 941, 27 L. Ed. 2d 637, 91 S. Ct. 579.) That part of plaintiffs' appeal must be dismissed. *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873.

■■ Plaintiffs also argue that the trial court should have allowed the filing of their third amended complaint. On the record before us, we cannot say that the trial court abused its discretion in denying leave to file.

There is no showing that, after eight years, the ends of justice would be furthered by the filing of a third amended complaint. *Lahman v. Gould* (1967), 82 Ill. App. 2d 220, 226 N.E.2d 443, *appeal denied* (1967), 36 Ill. 2d 631; *Hastings v. Abernathy Taxi Association, Inc.* (1973), 16 Ill. App. 3d 671, 306 N.E.2d 498.

The order of July 26, 1974, granting defendants' motion under Supreme Court Rule 103(b) to dismiss and denying plaintiffs' motion to file their third amended complaint is affirmed. The appeal from the order of April 26, 1974, quashing service on ILA and from the order of May 20, 1974, denying plaintiffs' motion to vacate the order of April 26, 1974, is dismissed.

Affirmed in part; appeal dismissed in part.

GOLDBERG, P. J., and SIMON, J., concur.