AURORA MONTERO, Plaintiff-Appellant, *v.* UNIVERSITY OF ILLINOIS HOSPITAL, f/k/a University of Illinois Research Hospital *et al.*, Defendants.— (DR. ROBERT ARENSMAN *et al.*, Defendants-Appellees.)

First District (2nd Division)   No. 61759

Opinion filed January 24, 1978.—Rehearing denied February 28, 1978.

Saul R. Leibowitz, of Chicago, for appellant.

French & Rogers, of Chicago (Joseph Terc and Stuart N. Litwin, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal presents the question of whether the trial court abused its discretion by dismissing the complaint of plaintiff, Aurora Montero. In

reliance upon Supreme Court Rule 103(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 103(b)), the trial court dismissed with prejudice the complaint as to the individual defendants, Dr. Robert Arensman and Dr. R. E. Condon, for plaintiff's failure to exercise reasonable diligence in obtaining service upon them. Thus, the case before us relates to the individual defendants only, and not to the University of Illinois Hospital (hospital).

In her complaint filed on September 28, 1972, plaintiff alleged defendants' negligence in that their performance of a renal biopsy resulted in hemorrhaging and plaintiff's loss of a kidney. Although summons issued on September 28, 1972, defendant doctors could not be located. On November 13, 1972, the hospital through its board of trustees filed a motion to quash. Thereafter, plaintiff sought alias summons against the doctors on December 1, 1972, and February 2, 1973. Plaintiff then placed a notice to the doctors in local newspapers. The certificate of mailing notice by publication was dated April 4, 1973.

Over a year later, on May 15, 1974, plaintiff sought a third alias summons against the individual defendants. Dr. Condon was eventually served in Wisconsin; Dr. Arensman was served in Massachusetts. On August 29, 1974, the doctors moved to dismiss plaintiff's complaint alleging that the incident in question took place on January 27, 1970; that the lawsuit was not filed until September 20, 1972; that service of summons was not made upon Arensman until June 1, 1974, and upon Condon on May 29, 1974; and that plaintiff had not exercised diligence in the service of process upon them.

Plaintiff's petition to deny defendants' motion recited the facts set forth above and also stated that her attorney had inquired about the doctors' whereabouts at various intervals from the city post office and from the American Medical Society's office in Chicago. He also checked each new year's telephone book to see if defendants were listed. In March of 1973, he wrote the defendants at addresses he had, but received no response or indication that the letters had been received. The attorney called the hospital shortly after suit was filed, but was informed that the hospital did not know the doctors' new locations or that such information could not be given out. In May of 1974, plaintiff's attorney obtained a Milwaukee telephone book and saw a Dr. Condon listed. He also decided to try service on Dr. Arensman in Brookline, Massachusetts. Plaintiff also alleged that defendants, through their attorneys, had taken part in the action by serving notice of deposition and interrogatories, and thus defendants at bar had entered a general appearance, and therefore had to participate in the cause on its merits.

The trial court entered an order dismissing with prejudice plaintiff's complaint as it pertained to the individual defendants. This appeal followed.

In addition, considerable controversy has been generated by defendants' attempt to file in this court a supplemental record on appeal. The question of whether to allow its filing was taken with the case. That record consists of two affidavits, one by defendant Condon and one by defendant Arensman. Condon's affidavit listed his home and employment addresses from the time of the incident. He stated that he has been continuously listed in the American Medical Association directory during the entire period, and a telephone call to the AMA would have easily provided a current mailing address as well as a telephone number. He had also been continuously listed during the period in the directory of the American College of Surgeons, the Directory of Medical Specialists (Marquis), and the telephone directories of Northbrook, Chicago (both in Illinois), Iowa City, Iowa, and Milwaukee, Wisconsin in relationship to the appropriate time period. Lastly, each of his employers had a forwarding address and could have provided his whereabouts.

Arensman's affidavit stated that since the incident until June 1972, he lived in Chicago and was listed in the Chicago telephone directory. From July 1972 to June 1974, he lived in Brookline, Massachusetts, and was listed in the Boston telephone directory. From 1972 to the present, he had been listed in the Directory of Candidates for Group Membership of the American College of Surgeons. During his absence from the Chicago area, the University of Illinois as well as the United States Post Office had a forwarding address for him.

I.

A.

The dictates of Supreme Court Rule 103(b) control this case. That rule provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (Ill. Rev. Stat. 1973, ch. 110A, par. 103(b).)

A motion for dismissal for lack of diligence to obtain service is addressed to the sound discretion of the trial court, and it is only where there is an abuse of discretion that a reviewing court will interfere. (*Martin v. Lozada* (1st Dist. 1974), 23 Ill. App. 3d 8, 11, 318 N.E.2d 334; *Mosley v. Spears* (1st Dist. 1970), 126 Ill. App. 2d 35, 40, 261 N.E.2d 510.) While prevention of intentional delay in the service of summons was a primary

reason for adoption of Rule 103(b) and its predecessors (*Karpiel v. La Salle National Bank* (2d Dist. 1970), 119 Ill. App. 2d 157, 160, 255 N.E.2d 61), the rule is not based upon the subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effecting service (*Phifer v. Hayes* (1st Dist. 1974), 20 Ill. App. 3d 635, 639, 314 N.E.2d 473).

■■ Each case will be decided on its own particular facts and circumstances, but courts will look at certain factors in deciding whether the plaintiff has exercised reasonable diligence. (*Pisciotto v. National Heater Co.* (1st Dist. 1974), 21 Ill. App. 3d 73, 75, 315 N.E.2d 121.) Among the factors which the court will examine are: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) the actual knowledge by defendant of the pendency of the action; and (6) special circumstances which would affect the efforts made by the plaintiff. *Lawrence v. Williamson Ford, Inc.* (2d Dist. 1973), 13 Ill. App. 3d 880, 887, 300 N.E.2d 636; *Schultz v. McElroy* (1st Dist. 1973), 9 Ill. App. 3d 940, 943, 293 N.E.2d 353; *Alsobrook v. Cote* (1st Dist. 1971), 133 Ill. App. 2d 261, 264, 273 N.E.2d 270.

■■ Although plaintiff contends that the three alias summons, the inquiries of the post office, the notice by publication, the various mailings and the out-of-State service illustrate her exercise of reasonable diligence in effecting service, we disagree. The record contains no showing that plaintiff ever initiated any discovery procedures against the hospital in order to gain information of the location of the individual defendants. Further, the record reflects no activity whatsoever between the service by publication on April 4, 1973, and the issuance of the third alias summons on May 15, 1974. Notwithstanding plaintiff's claims of diligence, so far as we can discern from the record, she did nothing for 13 months to effect service upon the doctors. Defendants were under no obligation to show that they had been prejudiced by the complained of delays in service of process; instead, it was incumbent upon plaintiff to demonstrate that she had obtained prompt service. (*Lee v. Decker* (1st Dist. 1974), 17 Ill. App. 3d 93, 95, 307 N.E.2d 773.) The burden was clearly on plaintiff. (*Connaughton v. Burke* (1st Dist. 1977), 46 Ill. App. 3d 602, 605, 361 N.E.2d 87.) Having examined the relevant factors and determined that plaintiff failed to demonstrate reasonable diligence, we can find no abuse of discretion in the trial court's decision to dismiss the action as to defendant doctors.

■■■ Although controversies should ordinarily be resolved on their merits after both sides have had their day in court (*DeCicco v. Reed* (2d Dist. 1966), 77 Ill. App. 2d 349, 352, 222 N.E.2d 346), plaintiff may not

now complain where the dismissal resulted from her own lack of diligence in effecting service. We cannot assume that the trial court invoked Rule 103(b) merely as a device to reduce the backlog of cases (*Galvan v. Morales* (1st Dist. 1972), 9 Ill. App. 3d 255, 258, 292 N.E.2d 36; see also *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 621, 363 N.E.2d 796 (concurring opinion)), particularly where, as in the instant case, plaintiff failed to furnish a report of proceedings indicating the grounds upon which the trial court acted. Where the record does not contain a report of proceedings and where the order appealed from recites that the court is fully advised in the premises, the reviewing court must presume that the court acted in conformity with the law and had before it sufficient facts to support its order. *Schwartz v. Moats* (4th Dist. 1971), 3 Ill. App. 3d 596, 598, 277 N.E.2d 529; *Smith v. Pappas* (1st Dist. 1969), 112 Ill. App. 2d 129, 132, 251 N.E.2d 390.

## B.

■■■ Plaintiff maintains that defendants have waived any argument in this connection by their participation in discovery prior to filing the motion to dismiss. Although plaintiff relies on *Lovell v. Hastings* (5th Dist. 1973), 11 Ill. App. 3d 221, 296 N.E.2d 608, for the proposition that participation in discovery under such circumstances results in the waiver of a right to object, *Lovell* is inapposite. In *Lovell*, the plaintiffs undertook considerable effort to serve the defendant (see *Meyer v. Wardrop* (1st Dist. 1976), 37 Ill. App. 3d 243, 247, 345 N.E.2d 762, distinguishing *Lovell*); and that cannot be said of plaintiff here. More importantly, the record is unclear whether the individual defendants or the hospital initiated the controverted discovery. Again the burden was on plaintiff. To fairly raise the issue of waiver, plaintiff was obligated to show that the individual doctors participated in discovery, rather than the hospital. Further, we note that while the motion to dismiss by the doctors was filed on August 29, 1974, the notice of deposition, which allegedly illustrates their discovery participation, is undated. Thus, one possible interpretation of the record is that the doctors immediately moved for dismissal when they were eventually served with notice of suit. In any event, we think that plaintiff has failed to demonstrate any waiver of objection by the individual defendants.

## C.

■■ The parties in the case at bar presented reasons for and against the filing of the supplemental record at oral argument. As plaintiff conceded that the contents of that record were before the trial court, we accordingly allow the filing of the supplemental record in this court. The affidavits therein aver the ease with which plaintiff could have located

defendant doctors. We emphasize that both defendants stated that they could have been easily located through various medical directories.

This problem arose because of defendants' service of the motion to supplement the record upon trial counsel rather than plaintiff's appellate counsel. Briefs and motions in reviewing courts must be served on the attorneys of record or otherwise upon the party. Ill. Rev. Stat. 1975, ch. 110A, par. 11.

Consistent with the views expressed herein, the order of the circuit court of Cook County dismissing the complaint with prejudice is affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.