JACK PISCITELLO, Indiv. and as Adm'r of the Estate of Harriet M. Piscitello, Deceased, *et al.*, Plaintiffs-Appellants, *v.* JAMES D. BARTON, Defendant-Appellee.

First District (2nd Division)   No. 77-1259

Opinion filed October 31, 1978.

Sidney Sherman, of Chicago, for appellants.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski and Robert S. Majeske, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their action, filed on June 3, 1975, for damages arising out of an automobile collision with defendant and another party not involved in this appeal. The action was dismissed with prejudice as to defendant on March 7, 1977, for plaintiffs' failure to show reasonable diligence in obtaining service of process. (Supreme Court Rule 103(b), Ill. Rev. Stat. 1975, ch. 110A, par. 103(b).) On May 23, 1977, the court denied plaintiffs' motion to vacate the order of dismissal, stating that there was no just reason to delay enforcement or appeal. Ill. Rev. Stat. 1975, ch. 110A, par. 304.

The sole issue on appeal is whether the trial court abused its discretion by dismissing plaintiffs' action pursuant to Supreme Court Rule 103(b).

We affirm.

On June 3, 1973, Harriet Piscitello, as driver, and Victoria Piscitello, as passenger, were involved in an automobile collision with two other vehicles, one driven by defendant, James D. Barton, and the other driven by Myron Gelb, who is not involved in this appeal. On June 3, 1975, Jack Piscitello, acting individually and on behalf of the estate of Harriet Piscitello, and Victoria Piscitello filed a complaint against defendant and Myron Gelb to recover for injuries allegedly sustained as a result of the collision. The complaint included counts for negligence and wilful and wanton conduct, for wrongful death and for property damage. At the time of the accident defendant gave his address as 1019 West Touhy, Park Ridge, Illinois. Summons was issued to defendant on June 3, 1975, at that address, but the summons was returned by the Cook County sheriff's department marked not found on June 5, 1975. The sheriff's department made a notation that a resident at the address stated defendant had moved three years ago.

On July 7, 1976, plaintiffs made an inquiry to the Secretary of State and were told that defendant resided at 8135 Knox, Skokie, Illinois. On October 14, 1976, an alias summons was issued to defendant at the Skokie address. The alias summons was returned, marked not found and noted that a tenant at the address told the sheriff defendant had moved two years ago.

On November 9 and 18, 1976, plaintiffs made inquiries to the Chicago postmaster and the Skokie postmaster, respectively, but defendant had not left a forwarding address. On December 17, 1976, plaintiffs again contacted the Secretary of State, but no new information was available.

Sometime after December 17, 1976, plaintiffs employed a private investigator to locate defendant. The investigator located defendant in Dittmer, Missouri, on January 10, 1977. On January 12, 1977, an alias summons was issued and defendant was served in Dittmer, Missouri, on January 17, 1977. Defendant filed an appearance on February 15, 1977.

On March 7, 1977, defendant filed a motion to dismiss pursuant to Supreme Court Rule 103(b), for plaintiffs' failure to show reasonable diligence in obtaining service. The trial court granted the motion and dismissed the cause with prejudice as to defendant, stating that there was no just reason to delay enforcement or appeal. On April 6, 1977, plaintiffs filed a motion to vacate the order. Plaintiffs' counsel filed an affidavit in support of the motion to vacate alleging: (1) the above stated facts regarding the letters to the Secretary of State and the postmasters and the hiring of the private investigator; (2) that after the original summons was returned, he continued to investigate defendant's whereabouts; and (3) that he checked the telephone directories in 1975 and 1976 and found no listing of defendant. On May 23, 1977, plaintiffs' motion to vacate the order of dismissal was denied. The order stated that there was no just reason to delay enforcement or appeal.

■■■ Supreme Court Rule 103(b) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

A motion to dismiss pursuant to Rule 103(b) is addressed to the sound discretion of the trial court, and the trial court's ruling will not be disturbed unless there is an abuse of discretion. (*Montero v. University of Illinois Hospital* (1st Dist. 1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010; *Martin v. Lozada* (1st Dist. 1974), 23 Ill. App. 3d 8, 318 N.E.2d 334.) Rule 103(b) does not set a specific time limitation within which defendant must be served, but it does put the burden upon plaintiff to show that he has exercised reasonable diligence in obtaining service. (*Connaughton v. Burke* (1st Dist. 1977), 46 Ill. App. 3d 602, 361 N.E.2d 87; *Alsobrook v. Cote* (1st Dist. 1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) It is not incumbent upon defendant to show prejudice by the delay. (*Phifer v. Hayes* (1st Dist. 1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.) The standard for determining reasonable diligence is objective. (*Connaughton v. Burke.*) Although each case must be decided on its own particular facts and circumstances, courts will examine certain factors in deciding whether plaintiff has exercised reasonable diligence. Among the factors to be considered are: (1) the length of time used to obtain services; (2) the activities of plaintiff; (3) any knowledge on part of plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) the actual knowledge of defendant of pendency of

the action; and (6) special circumstances which would affect the efforts made by plaintiff. *Montero v. University of Illinois Hospital*, at 210; *Alsobrook v. Cote*, at 264.

Plaintiffs contend that they were engaged in continuous efforts to locate defendant and that the court erred in finding that they had not exercised reasonable diligence. The record shows, however, that plaintiffs did nothing from the time the initial summons was returned not found until plaintiffs made inquiries to the Secretary of State, approximately 13 months later. Also, once plaintiffs initiated efforts to locate defendant, defendant was found with relative ease. The record does not indicate that defendant had any knowledge of the pending action or that there were any special circumstances preventing defendant from being located.

We conclude that the trial court did not abuse its discretion in dismissing the action as to defendant. Although the results of a discretionary standard may in some instances appear harsh, judicial administration necessitates that diligence on the part of the parties be required. There has not been an ample display of reasonable diligence in permitting 13 months to lapse without taking any action. We note that controversies should ordinarily be resolved on their merits after both parties have had their day in court. However, plaintiffs may not now complain where the dismissal resulted from their own lack of diligence in effecting service. *Montero v. University of Illinois Hospital*, at 210-11.

Plaintiffs also contend that defendant's motion to dismiss is a nullity because it was filed after the time to plead had expired. However, the record does not show that plaintiffs objected to the untimely filing and plaintiffs cannot raise this point for the first time on appeal. *Roberts v. Underwood* (1st Dist. 1971), 132 Ill. App. 2d 439, 442, 270 N.E.2d 547.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.