BARBARA FARTHING, Adm'r of the Estate of William Bruce Farthing, Deceased, Plaintiff-Appellant, *v.* NATURAL GAS PIPELINE COMPANY OF AMERICA *et al.*, Defendants.—(GLEASON CRANE RENTAL, INC., Defendant-Appellee.)

First District (4th Division)   No. 78-84

Opinion filed August 2, 1979.

Joseph C. Owens, of Chicago, for appellants.

Baker and McKenzie, of Chicago (Francis D. Morrissey and Peter J. Mone, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

An action was brought by plaintiff, personally and as administrator, on behalf of herself and her children as dependents of her deceased husband, for damages sustained by reason of his death. The cause of action was based on theories of negligence and strict liability.

Gleason Crane Rental, Inc. (hereafter Gleason), one of the defendants in the action, made a motion to dismiss due to the failure of plaintiff to serve it in an alleged timely manner. The trial court sustained the motion to dismiss plaintiff's complaint for lack of due diligence in serving defendant Gleason. This appeal was taken from that order and we reverse.

The issues presented for review are (1) whether the trial court abused its discretion in striking plaintiff's complaint and dismissing her cause of action as to defendant Gleason, and (2) whether "reasonable diligence" was exercised by plaintiff where defendant Gleason was not promptly served with summons, but it was aware of the pendency of the action in court.

The instant case involves an incident which occurred in August 1972. Richard Burch and William Bruce Farthing were laborers steadying a large metal fuel tank attached to the lower end of a steel cable suspended from the boom of a mobile crane while the tank was being moved. As it moved, the boom passed high tension electric lines and the cable struck the lines causing a charge of electricity to be carried down to the two men holding the fuel tank. As a result, William Bruce Farthing was killed and Richard Burch was permanently injured. Richard Burch and Barbara Farthing, administrator of the estate of William Bruce Farthing, pleaded separate causes of action against the various defendants.

The Burch case was filed in October 1973 and the Farthing case was filed in January 1974. Gleason filed an appearance and answer in the Burch case on January 11, 1974. The original summons which issued in the Farthing case was not served due to the incorrect address on the summons. It was returned "not found" by the sheriff's office. Defendant Gleason did not file an appearance in the Farthing case as it had done in the Burch case.

The other defendants involved in the litigation sent several notices to defendant Gleason regarding the Farthing case. In August 1974, counsel for one of the defendants served notice upon counsel for all parties in the Farthing case, including defendant Gleason's counsel, of its change of address. In April 1975, another defendant served notice upon counsel for all parties in the Farthing case, including defendant Gleason's counsel, of its change of address.

On December 11, 1975, an alias summons was issued directed to defendant Gleason at a different address from that in the original summons. It was served on December 15, 1975.

A motion was made by one of the defendants to consolidate the two cases of Burch and Farthing. The motion stated that the two cases involved the same parties, the same issues, and arose out of the same

event. An order was entered on February 28, 1977, consolidating the cases.

On April 4, 1977, defendant Gleason, under the consolidated caption, filed interrogatories directed to plaintiff Burch. Also, on June 28, 1977, under the same caption, counsel for defendant Natural Gas Pipeline served upon all other counsel, including Gleason, notice of filing interrogatories directed to plaintiff Burch and plaintiff Farthing.

On August 23, 1977, under the consolidated case numbers, defendant Gleason filed a motion for leave to file a motion for summary judgment on count II of the Burch complaint.

On September 6, 1977, under the caption of the Farthing case alone, defendant Gleason served a notice of filing and a request to produce. The request to produce asked for extensive discovery from plaintiff and other defendants pursuant to Supreme Court Rule 214. Also on that day, under the Farthing caption, defendant Gleason filed a motion to strike plaintiff's complaint and dismiss her cause of action pursuant to Supreme Court Rule 103(b).

On September 30, 1977, plaintiff Farthing filed her reply to the motion to strike and dismiss. Plaintiff made certain allegations regarding defendant Gleason's conduct in the case. Farthing stated that defendant Gleason by its conduct had lulled plaintiff's counsel into a feeling of security by defendant's appearance in the case.

Defendant Gleason filed a reply in support of its motion to strike and dismiss wherein it stated that plaintiff Farthing failed to exercise due diligence in obtaining service of process on defendant Gleason. On October 11, 1977, the trial court granted defendant Gleason's motion to strike and dismiss. This appeal was taken from that order.

The plaintiff contends the trial court abused its discretion in striking plaintiff's complaint and dismissing her cause of action as to defendant Gleason.

Defendant based its petition upon Supreme Court Rule 103(b) which states:

> "(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1975, ch. 110A, par. 103(b).

A motion to dismiss for lack of reasonable diligence to obtain service

under Rule 103(b) is addressed to the sound discretion of the trial court. A reviewing court may upset a trial court's decision only where there is an abuse of discretion. *Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 11, 318 N.E.2d 334, 336.

In our opinion, there was an abuse of discretion by the trial court in dismissing plaintiff's cause of action.

In the instant case, plaintiff concedes that defendant Gleason was entitled to receive notice of the pendency of the action within a reasonable time. Even though the original summons was not served upon it, plaintiff contends Gleason received numerous notices regarding the Farthing case from other defendants so that it was aware of the action.

Also, the two cases were filed by the same attorney; notice was received by defendant regarding the Burch case. Defendant Gleason was consistently in court on the Burch case and continued to participate after the two cases were consolidated. Counsel for defendant Gleason never filed any objection to the two cases being consolidated and responded to the trial call of the two cases after consolidation. Defendant Gleason also participated in an order which set a trial date for the consolidated cases. These activities were all engaged in prior to defendant Gleason filing its motion to strike plaintiff's complaint and dismiss her cause of action.

> "The purpose of Rule 103(b) is to protect defendants from unnecessary delays in the service of process on them and to prevent the circumvention of the statute of limitations. [Citation.] Not to be forgotten is the overriding consideration that cases should be decided on their merits after both sides have had their day in court. (*DeCicco v. Reed* (1966), 77 Ill. App. 2d 349, 222 N.D.2d 346.)" *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 258, 292 N.E.2d 36, 38.

■■ After reviewing the particular facts and circumstances in this case, we agree with plaintiff that the trial court abused its discretion by dismissing plaintiff's complaint, and plaintiff should have been allowed her day in court.

Next, it is our opinion that plaintiff exercised reasonable diligence in serving defendant, and, although defendant was not served promptly with summons, it was aware of the pendency of the action in court.

Rule 103(b) is based upon the objective test of reasonable diligence in effecting service. *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 210, 372 N.E.2d 1010, 1013.

■■ A court looks at certain factors in deciding whether the plaintiff has exercised reasonable diligence. Some of these factors are:

> "(1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of defendant's location; (4) the ease with which defendant's

whereabouts could have been ascertained; (5) the actual knowledge by defendant of the pendency of the action; and (6) special circumstances which would affect the efforts made by the plaintiff. [Citations.]" *Montero*, at 210.

■■ We conclude that in the instant case, plaintiff exercised reasonable diligence in obtaining service on defendant Gleason. Here, we have two cases arising from the same incident; they involved the same issues and the same parties. The Burch case was filed first and Gleason filed an appearance and answer. Farthing was filed later and the summons served on Gleason was returned "not found." Prior to filing an alias summons in Farthing, defendant Gleason actively participated in the Burch case and, as stated in the previous argument, it participated after the two cases had been consolidated.

One of the factors to be considered is "special circumstances" which would affect efforts made by the plaintiff to obtain service. It appeared to plaintiff and to counsel for the other defendants that Gleason was participating in the case. Other defendants served numerous notices on defendant Gleason regarding both the Farthing and Burch cases. After Gleason received the alias summons, it waited another 21 months before it filed its motion to dismiss in the Farthing case. Plaintiff's counsel urges that such conduct by defendant Gleason lulled her into a feeling of security that Gleason had submitted itself as a party to the jurisdiction of the court. Certain factors, including the knowledge by defendant of the pendency of the action and the "special circumstances," demonstrate reasonable diligence on the part of plaintiff.

Defendant cites *Meyer v. Wardrop* (1976), 37 Ill. App. 3d 243, 345 N.E.2d 762, as a leading authority on this point. In *Meyer*, defendant did not receive the first alias summons until more than four years had passed since the complaint had been filed, and more than five years had passed since the accident occurred. There was no explanation given for the failure to promptly serve defendant. The court stated that the plaintiff had not satisfied his burden of exercising reasonable diligence in obtaining service. Also in *Meyer*, defendant raised its defense under Rule 103(b) immediately after filing its appearance.

*Meyer* is directly opposed to the instant case. Plaintiff was led to believe by defendant Gleason's active participation in the Burch case and the consolidated cases that it had submitted itself to the jurisdiction of the court. None of the cases that defendant cited had a factual situation such as the one present here. We find that the trial court abused its discretion in dismissing plaintiff's cause of action.

■■ Furthermore, plaintiff contends defendant waived any objections it may have had to service of process by its conduct. We agree. Plaintiff cites *Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77, 80, as her

principal case on this point. In *Lord,* the court stated that any action taken by a litigant which recognized the case as being in court will amount to a general appearance unless the action was for the sole purpose of objecting to the jurisdiction. This principle was restated in *Lovell v. Hastings* (1973), 11 Ill. App. 3d 221, 223, 296 N.E.2d 608, 610, wherein the court said:

> "[T]his does not change the general rule as set forth in *Lord v. Hubert,* 12 Ill. 2d 83, that participation by the defendant in the trial may constitute a waiver of the right to question the court's jurisdiction of the person of the defendant."

In the instant case, defendant was in court on the Burch case and continued to participate in the proceedings after the cases had been consolidated. This, coupled with the delay from December 15, 1975, when the alias summons was served until September 6, 1977, when the motion to dismiss was filed, amounts to a waiver of defendant's objection.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

JIGANTI, P. J., and LINN, J., concur.