ANNA MARIE HEBTING *et al.*, Plaintiffs-Appellants, *v.* MILLER BREWING COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 79-961

Opinion filed March 31, 1980.

Cooney and Stenn, of Chicago (John J. Henely, of counsel), for appellants.

Anton J. Valukas, of Chicago (Morton A. Kier, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, Anna Marie Hebting and Samuel Burke, filed a negligence action against defendants Miller Brewing Co., Metes and Powers, Inc., Ralph Spivey, Louis Masciopinto, and James Underwood for injuries sustained in a multi-auto accident on the Dan Ryan Expressway in Chicago. Pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)), defendant Underwood was dismissed from the cause, with prejudice, because plaintiffs allegedly failed to exercise due diligence in obtaining service of process. Plaintiffs appealed.

On appeal, plaintiffs argue that the trial court erred in dismissing their

cause against Underwood since he was served with process within the statute of limitations and any delay was the result of the difficulty in locating him, not a lack of diligence.

We reverse and remand.

On April 19, 1975 plaintiffs were involved in an automobile accident on the Dan Ryan Expressway in Chicago. The accident involved three cars and a semi-trailer tractor. Defendant James Underwood, a nonresident, was the driver of one of the autos. The police report which described the accident, listed two addresses for Underwood. One section of the report indicated his address as 604 E. North Street, Crown Point, Indiana. Another section of the report listed his address as 121 N. West Street, Crown Point, Indiana.

On September 17, 1975, plaintiffs filed the instant suit for injuries arising out of the accident. A summons was issued for Underwood on January 28, 1976. Service was sought at the 604 E. North Street address. The summons was later returned by the sheriff of Lake County, Indiana, who indicated that Underwood did not live at that address.

Plaintiffs then had an alias summons issued on March 18, 1976. Service was attempted at the 121 N. West Street address. On March 30, it too, was returned by the sheriff of Lake County, who indicated that Underwood no longer lived at that address.

Through the use of investigators and skip tracers, plaintiffs next attempted to locate Underwood. These efforts continued from March 30, 1976, to November 14, 1976, at which time they were discontinued.

In December of 1976, plaintiffs sought service on Underwood through the Secretary of State, pursuant to the provisions of section 10—301 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1977, ch. 95½, par. 10—301.) Because plaintiffs failed to send a registered letter to defendant within the prescribed time, this first attempt to serve the Secretary of State was invalid. Subsequently, on March 17, 1977, plaintiffs had another alias summons issued. It was served on the Secretary of State on April 13, 1977. A registered letter was sent to Underwood's last known address on April 18, 1977.

Subsequently, Underwood moved to have plaintiffs' cause against him dismissed for failure to serve him with diligence. Pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)), the trial court granted the motion and dismissed the cause against Underwood with prejudice. Plaintiffs filed a motion for rehearing which was denied. They now appeal.

On appeal, plaintiffs argue that the trial court erred in dismissing their cause against Underwood since he was served with process before the expiration of the statute of limitations and any delay in service was due to the difficulty of locating him, not a lack of diligence by plaintiffs.

■■ We agree. Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

The purpose of the Rule is to protect defendants from unnecessary delays in the service of process and to prevent circumvention of the statute of limitations. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270; *Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) When a trial court grants a motion to dismiss for lack of diligence in the service of process, that ruling can only be reversed by a reviewing court upon a showing of abuse of discretion. *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510.

■■ In the present case, it is clear that the trial court abused its discretion by dismissing Underwood from the cause with prejudice. The express terms of Rule 103(b) indicate that a dismissal *with prejudice* is proper only when the failure to obtain service occurs *after* the expiration of the statute of limitations. Here the date of the accident was April 19, 1975; defendant Underwood was served through the Secretary of State on April 13, 1977. Service was within the two-year statute of limitations. Therefore, dismissal with prejudice was improper.

■ More importantly, however, we believe the trial court abused its discretion by ruling that the cause against Underwood should be dismissed at all. Among the factors to be considered when determining whether process has been served with due diligence are: (1) the lapse of time before process was served; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; and (5) the actual knowledge by defendant of the pendency of the action. (*Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 293 N.E.2d 353; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) The record in the instant case reflects that plaintiffs did exercise due diligence in obtaining service. They attempted service at both locations given as Underwood's address without success. Because no forwarding information was available, plaintiffs attempted to locate Underwood through the use of skip tracers. This, too, proved futile. Realizing that the expiration of the statute of limitations was drawing near, plaintiffs were forced to seek service through the Secretary of State. At no time were plaintiffs aware of

Underwood's whereabouts and they attempted to locate him as best they could. Under these facts, we believe due diligence in obtaining service was shown.

For the foregoing reasons, the order of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

Order reversed; cause remanded.

GOLDBERG, P. J., and CAMPBELL, J., concur.