ROBERT E. PARKER, Plaintiff-Appellant, v. UNIVERSAL PACKAGING CORPORATION, Defendant-Appellee (Federal Pacific Electric Company *et al.*, Defendants).

Fifth District No. 5—89—0378

Opinion filed June 19, 1990.—Rehearing denied August 10, 1990.

Jeanne L. Sathre, of Lakin & Herndon, P.C., of Wood River, for appellant.

James B. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
The plaintiff, Robert Parker, presents a single issue for review, whether the trial court erred in dismissing his complaint because of a failure to exercise due diligence in obtaining service upon the defendant, Universal Packaging Corporation (hereafter referred to as Univer-

sal), pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)).

According to the pleadings, on about September 18, 1984, the plaintiff suffered injuries while working on a high-voltage circuit panel and box. On March 18, 1986, he brought suit against several defendants. Summons was issued and served on each of the defendants, discovery took place, and various proceedings were had in that suit until December 21, 1987, at which time, about two weeks prior to the scheduled trial of the cause of action, the trial court entered an order granting the plaintiff's motion to dismiss the cause without prejudice as provided by section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). The plaintiff was given leave to refile the cause of action within one year. Thereafter, on September 12, 1988, the plaintiff brought suit in Federal court seeking damages against Universal arising out of the occurrence of September 18, 1984. On December 5, 1988, pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), the plaintiff filed his complaint in the instant cause. On February 22, 1989, the district court granted Universal's motion to dismiss plaintiff's complaint with prejudice because it had been filed over a year after the limitation period had run. On March 3, 1989, plaintiff moved to amend his complaint in the instant cause, and the trial court granted that motion; the plaintiff filed his amended complaint on that same day. On March 9, 1989, summons was issued, and service was effected upon Universal the next day. On March 28, 1989, Universal made a special and limited appearance solely for the purpose of moving to quash summons and to dismiss the cause pursuant to Rule 103(b). In this motion Universal stated:

> "4. That the cause of action set forth in plaintiff's complaint arises out of an occurrence on September 18, 1984. That the whereabouts of the defendant has at all times been known and service of process has been made on two occasions within a day after the issuance of the summons.
>
> 5. That the failure of the plaintiff to request a summons and to have summons served on the defendant for more than three months after the filing of the Complaint and more than two months subsequent to the expiration of any applicable limitations represents a flagrant lack of diligence and violates the letter and spirit of Supreme Court Rule 103(b) and plaintiff's complaint should be dismissed, with prejudice, at plaintiff's cost."

In an order filed May 11, 1989, following a hearing, the trial court dismissed plaintiff's amended complaint against Universal with prejudice, and this appeal followed. Other defendants in this cause are not involved in this appeal.

Although the plaintiff does not dispute that service in this cause was not obtained until after the limitation period had expired, he contends that there was not such a lack of diligence or passage of time as to warrant the trial court's drastic remedy of dismissal with prejudice. Relying in part upon *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, Universal asserts that the plaintiff

> "controlled this litigation for five years and should not be permitted to simply flaunt the rules to his advantage and determine when the case should proceed. If Supreme Court Rule 103(b) means anything, it should mean that the plaintiff in this cause failed to exercise reasonable diligence, and the trial court so found."

Universal indicated during oral argument before this court that it does not contend that a delay of approximately three months in the service of process, standing alone, amounts to a failure to exercise reasonable diligence to obtain service; rather, Universal maintains that a delay of nearly three months in obtaining service upon refiling of the suit, when coupled with the approximately five-year history of the case, constitutes a failure to exercise reasonable diligence to obtain service.

██ Supreme Court Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (107 Ill. 2d R. 103(b).)

Rule 103(b) was adopted to ensure the prompt and fair administration of justice. (*Martinez v. Erickson* (1989), 127 Ill. 2d 112, 535 N.E.2d 853.) This rule was intended to prevent the practice whereby a plaintiff could effectively circumvent the statute of limitations by filing suit within the applicable statutory period and delaying or failing to effect issuance of summons. (*Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345; *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.) Rule 103(b) supplements the purpose of statutes of limitations and operates to protect defendants from stale claims, thereby affording defendants a fair opportunity to investigate the circumstances while witnesses and facts are accessible. (*Segal v. Sacco* (1988), 175 Ill. App. 3d 504, 529 N.E.2d 1038, *aff'd* (1990), 136 Ill. 2d 282.) Thus, the rule serves to protect defendants from unneces-

sary delays in the service of process and to prevent circumvention of the statute of limitations. *Segal v. Sacco* (1990), 136 Ill. 2d 282; *Hebting v. Miller Brewing Co.* (1980), 82 Ill. App. 3d 981, 403 N.E.2d 671.

While prevention of intentional delay in the service of summons was a primary reason for adoption of Rule 103(b) and its predecessors, the rule is not based upon the subjective test of plaintiff's intent but, rather, upon the objective test of reasonable diligence in effecting service. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010.) Rule 103(b) does not set a specific time limitation within which the defendant must be served, but it does put the burden upon the plaintiff to show that he has exercised reasonable diligence in obtaining service. (*Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 384 N.E.2d 47.) It is not incumbent upon defendant to show prejudice by the delay. (*Piscitello*, 66 Ill. App. 3d 451, 384 N.E.2d 47.) There is no fixed rule to determine whether plaintiff exercised reasonable diligence. (*Segal v. Sacco* (1988), 175 Ill. App. 3d 504, 529 N.E.2d 1038, *aff'd* (1990), 136 Ill. 2d 282.) Each case will be decided on its own particular facts and circumstances, but courts will look at certain factors in determining whether the plaintiff has exercised reasonable diligence. (*Montero*, 57 Ill. App. 3d 206, 372 N.E.2d 1010.) The factors a court may consider in making such a determination include: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge of defendant of pendency of action; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. (*Segal v. Sacco* (1990), 136 Ill. 2d 282.) These factors must be considered in light of the purpose of Rule 103(b). (*Segal*, 136 Ill. 2d 282.) Controversies should ordinarily be resolved on their merits after both parties have had their day in court. (*Piscitello*, 66 Ill. App. 3d 451, 384 N.E.2d 47; *DeCicco v. Reed* (1966), 77 Ill. App. 2d 349, 222 N.E.2d 346.) Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. *Hebting*, 82 Ill. App. 3d 981 403 N.E.2d 671; *Montero*, 57 Ill. App. 3d 206, 372 N.E.2d 1010.

In *Martinez v. Erickson* where, as in the instant case, a Rule 103(b) motion was made for the first time in the refiled case, the supreme court stated:

> "According to the *O'Connell* standard, as developed, the circuit judge is to consider service after refiling in light of the entire history of the case. He cannot disregard obvious diligence on the part of the plaintiff after refiling. The determination of diligence

must be made in light of the totality of the circumstances." (*Martinez*, 127 Ill. 2d at 121-22, 535 N.E.2d at 858.)

In *Martinez*, unlike the instant cause, none of the defendants had been served in the original action. In *O'Connell* the supreme court held that the trial court should consider a pending defense motion for dismissal under Rule 103(b) before taking up a plaintiff's motion for voluntary dismissal and held further that the trial court may weigh the circumstances surrounding service of process in the original action as well as in the refiled one. Earlier, in *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796, 799, as the court noted in *Martinez*, it had ruled that a court may "consider an overall span of time between the filing of the first complaint and the ultimate service of summons in the second case in assessing plaintiff's diligence." In *Martinez* the court quoted the caution it had expressed in *Aranda* (66 Ill. 2d at 620, 363 N.E.2d at 799), that "the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 [*i.e.*, the statutory predecessor to section 13--217] cannot be so abbreviated as to make the right granted by that section meaningless." *Martinez*, 127 Ill. 2d at 121, 535 N.E.2d at 858.

Recently, in *Segal v. Sacco* (1990), 136 Ill. 2d 282, our supreme court concluded that the circuit court's allowing of the defendants' Rule 103(b) motion and dismissal of the cause with prejudice was an abuse of discretion because the length of the delay in the service of process was such that the purpose of Rule 103(b) would not be served by dismissing the plaintiff's action. There the plaintiff had forgotten to place the summonses for service for 19 weeks after the filing of his complaint. Service was effected by a special process server within two weeks thereafter. The supreme court observed in *Segal* that

"[i]t would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants a 'fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible.' (*Geneva Construction Co.*, 4 Ill. 2d at 289-90.) Under such circumstances, the purpose of Rule 103(b), the protection of defendants from unnecessary delay and the prevention of the circumvention of the statute of limitations, would be promoted." (*Segal*, 136 Ill. 2d at 289.)

In *Segal* voluntary dismissal of an original suit and refiling had not occurred.

■ In the instant case the original cause of action was filed well

before the expiration of the applicable statute of limitations. There is no suggestion by Universal or in the record that the plaintiff did not exercise reasonable diligence with respect to service of process in the original action, and no motion for dismissal under Rule 103(b) was made until the case was refiled. Universal was, of course, fully apprised of the original action and knew that the plaintiff had leave to refile the cause of action within one year of the order entered on December 21, 1987, granting plaintiff's motion for voluntary dismissal. Although 4½ years had passed from the time the plaintiff was injured on September 18, 1984, until service was effected upon Universal on March 10, 1989, after the action had been refiled, the plaintiff had proceeded according to the law under the provisions of section 2—1009 in moving for voluntary dismissal "at any time before trial or hearing begins" and under the provisions of section 13—217 in commencing a new action within one year after such dismissal. As in *Segal*, the length of the delay in the service of process here is such that the purpose of Rule 103(b) would not be served by dismissal of the plaintiff's cause of action. Given the posture of the litigation when plaintiff's motion for voluntary dismissal of the original suit was granted, the delay herein is not one serving to deny Universal of a fair opportunity to investigate the circumstances upon which liability against it is predicated while the relevant facts are accessible. Under all of the circumstances presented here, we think that the delay of about 13 weeks, considerably less than that of 19 weeks in *Segal*, constitutes an impermissible abbreviation of the period of time within which the plaintiff must obtain service following the refiling of his suit under section 13—217. Therefore, the trial court abused its discretion in dismissing this cause of action. Thus, the order dismissing plaintiff's amended complaint against Universal with prejudice is reversed, and the cause is remanded for further proceedings.

We have been invited to make no determination, and have made none, concerning the effect, if any, of the filing of an action in Federal court, as occurred here, following entry of an order granting plaintiff's motion for voluntary dismissal of the cause pursuant to section 2—1009 and prior to the refiling of the action pursuant to section 13—217.

Reversed and remanded.

HARRISON and GOLDENHERSH, JJ., concur.