## O. P. Stufflebeam and Phillip Cadle, Appellants, v. Charles A. Allen and W. B. Redden, Appellees.

1. ARBITRATION AND AWARD, § 81*—*when findings of trial court setting aside an award sustained by the evidence.* On bill to set aside an award in an accounting between partners, findings of trial court as to the award being erroneous and as to the different amounts due the various partners, *held* sustained by the evidence.

2. ARBITRATION AND AWARD, § 76*—*when whole award will not be set aside.* On bill to set aside an award, it is not the duty of the court to set aside the whole award when any item in the award is a result of fraud, there being no allegations of fraud applicable to or affecting the whole award.

3. ARBITRATION AND AWARD, § 74*—*sufficiency of decree setting aside an award in part.* A decree setting aside an award in part, under a prayer for general relief should make all proper corrections of the award and should direct the enforcement of the award as amended by it, and provide for the payment of the various sums to whom they are due and make its decree final as to all matters involved.

4. ARBITRATION AND AWARD, § 81*—*when allowance of salary to partner on bill to set aside award not error.* On bill to set aside an award made in an accounting between partners, an allowance to a partner of a certain sum as salary during the partnership, *held* not error, there being no allegation in the bill as to fraud, irregularity or illegality on the question of the salary item, and no error is assigned upon the record as to such item.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1912. Remanded with directions. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

ACTON & ACTON, THOMAS A. GRAHAM and H. M. STEELY, for appellants.

JOSEPH B. MANN and LAWRENCE T. ALLEN, for appellee Charles A. Allen.

AUGUSTUS A. PARTLOW, for appellee W. B. Redden.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an appeal from a decree entered in the Circuit Court of Vermilion county, and the facts leading up to the institution of the suit are substantially as follows:

In the year 1893, O. P. Stufflebeam, Phillip Cadle, Charles A. Allen, W. B. Redden, with other parties, engaged as partners in operating a canning factory at Rossville, Illinois, and later they engaged in operating an electric light plant, the canning factory having been destroyed by fire, and this partnership continued to do business up until the year 1904, as such partners.

On the 22d day of September, 1907, Charles A. Allen filed a bill in the Circuit Court of Vermilion county for an accounting of the partnership business and for a dissolution of the partnership. Answers were filed' by all the defendants. The cause was continued from term to term until the January term, 1910, when the cause was referred to the master in chancery to take and report the proofs, together with findings. Pending the taking of the proofs before the master, the several parties to the suit entered into an agreement to arbitrate all matters in dispute, claims or controversies whatsoever involved in the settlement of the said partnership, and selected three arbitrators and provided for administering the oath to the witnesses, hearing the evidence and for a full and final adjustment of the matter, and for a written finding and report to the court. Such evidence as the master had taken was submitted, and the evidence of the witnesses was heard by the arbitrators. Charles A. Allen testified, in his own behalf, to the effect that the firm was indebted to him for money furnished or advanced by him, and that he held at one time a note for the sum of $5,000 given by the firm, as evidence of the same, but that he had lost or mislaid the same, and he produced a receipt from the

State treasurer, showing that he did have such a note and had deposited it with said treasurer as collateral security for a loan. Mr. Stufflebeam and Mr. Cadle each swore they had never signed any such note. The arbitrators allowed Mr. Allen, for principal and interest, the sum of $10,219.65.

After the award was made and filed by the arbitrators objections were made to the allowance of the above claim, and the bill in chancery here involved was filed by Mr. Stufflebeam and Mr. Cadle, praying for a decree to set aside the award and to enjoin the allowance of Mr. Allen's claim based upon the said note with the interest aforesaid, and averring that the evidence given by Mr. Allen in support of the validity of the claim was false, and that the claim had been allowed by the arbitrators because of the fraud and perjury of Mr. Allen, and further averring they could furnish positive proof that the claim was not a just claim. The said partners were all parties and the defendants were served with summons, came into court and filed answers. The answer of Mr. Allen denied that his testimony before the arbitrators was false and his answer was otherwise formal. The answer of Mr. Redden was a formal one. Replications were filed to the answers and the cause was, at the January term, 1912, referred to the master in chancery to take and report the evidence and his conclusions of law and fact.

At the August term, 1912, of the said court, the master made his report. Objections were filed by appellants to the findings of the master and were overruled, and the same were filed as exceptions to his report before the chancellor. The court sustained the exceptions so far as the findings related to the allowance of the said $5,000 note and interest, and all other exceptions were overruled.

The court found that the account of the partners, and the amounts advanced by each of them, to be as follows:

| | |
|---|---|
| Charles A. Allen | $15,809.63 |
| W. B. Redden | 24,151.18 |
| O. P. Stufflebeam | 16,985.11 |
| Phillip Cadle | 17,533.46 |

Making a total of............$74,479.38
contributed by all four of the partners, of which each
should have contributed an equal one-fourth part, or
the sum of $18,619.84 each, and that on the basis of these
amounts as contributed there was due to W. B. Redden
from Phillip Cadle the sum of $1,086.38; that there was
due from O. P. Stufflebeam to W. B. Redden the sum
of $1,634.73, making a total due to W. B. Redden from
Cadle and Stufflebeam the sum of $2,721.11; that there
was due from Charles A. Allen to W. B. Redden the
sum of $2,810.22; and it was ordered, adjudged and
decreed that Charles A. Allen be enjoined from col-
lecting or attempting to collect from Cadle and Stuffle-
beam the sum found due by the arbitrators; that W. B.
Redden be enjoined from collecting from said Cadle, on
account of said award, any more than the sum of
$1,086.38; that said Redden be enjoined from collect-
ing from said Stufflebeam, on account of said award,
any more than the sum of $1,634.73; and that Charles
A. Allen pay to the said W. B. Redden the sum of
$2,810.22, and that the costs of the suit be taxed to said
Charles A. Allen and that execution issue therefor.

Thereupon this appeal was perfected, thus bringing
the record before us for review.

It is contended by appellants that it was the duty of
the court when any item in the award was the result
of fraud to set the whole award aside.

We cannot agree with this contention, as in this case
there was no fraud charged except as to the allowance
of the claim for the note and interest allowed to Mr.
Allen, amounting to the sum of $10,219.65, and that item
was eliminated by the court. Had the allegations of
fraud applied to or affected the whole award and had

the court found such to be true, then the rule would have been different.

It is further contended by appellant that the allowance to W. B. Redden of the sum of $3,900 as salary during the partnership was in violation of law. The fact that no allegation appears in the bill as to fraud, irregularity or illegality on the question of this salary item is sufficient to justify us in saying the court made no error in this regard. No error is assigned upon this record as to this item.

We think the evidence in this case fully sustains the findings of the trial court. We find, however, that while the trial court found that the award was erroneous and restrained Charles A. Allen from collecting the proceeds of the $5,000 note, and found that different sums were due the various partners than those contained in the award, the decree did not attempt to cancel the award or provide for the payment of the various sums found to be due to the parties to whom it was found owing.

The decree, under the prayer for general relief, should have made all of the proper corrections of the award, and having jurisdiction of the subject-matter should have directed the enforcement of the award as amended by it, and provided for the payment of the various sums to whom they were due and made its decree final as to all matters involved.

The cause will be remanded to the trial court with directions to enter a decree in accordance herewith.

*Remanded with directions.*