PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 202, Plaintiff-Appellee and Cross-Appellant, v. LINDBLAD CONSTRUCTION COMPANY, Defendant-Appellee and Cross-Appellee (Asbestos Safety, Inc., Defendant-Appellant).

Third District   No. 3—87—0874

Opinion filed August 25, 1988.—Rehearing denied October 6, 1988.

Allan Peters, of Arlington Heights, for appellant.

Arthur C. Thorpe, of Klein, Thorpe & Jenkins, Ltd., of Chicago (James P. Bartley, of counsel), for appellee Plainfield Community Consolidated School District No. 202.

Timothy J. Rathbun and Corey Charles Splitt, both of McKeown, Fitzgerald, Zollner, Buck & Sangmeister, of Joliet, for appellee Lindblad Construction Company.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an action to reverse both the modification of an arbitration award and the award of attorney fees. Plainfield School District No. 202 (Plainfield) entered into a contract with Lindblad Construction Company (Lindblad) for construction work on two school buildings. Lindblad then entered into a subcontract with Asbestos Safety, Inc. (ASI), for the removal of the asbestos from the schools. Neither the Plainfield-Lindblad contract nor the Lindblad-ASI subcontract provided that prevailing wages be paid as required under the Prevailing Wage Act (Ill. Rev. Stat. 1985, ch. 48, pars. 39s—1 through 39s—12).

Thereafter, the Illinois Department of Labor (IDOL) assessed penalties against ASI for its failure to comply with the Prevailing Wage Act. (Ill. Rev. Stat. 1985, ch. 48, pars. 39s—1 through 39s—12.) ASI paid the wage claim and informed Lindblad of its need to modify the subcontract to accommodate the wage difference. Lindblad then noti-

fied the construction project architect that ASI paid IDOL $10,324.15 on the wage claim. Lindblad noted that Plainfield did not specify compliance with the Illinois Prevailing Wage Act in the construction contract and asked for a "change order" in the amount of $11,873.00, which sum included overhead and profit for Lindblad. The project architect denied Lindblad's request, and, for the benefit of ASI, Lindblad made a demand for arbitration pursuant to the construction contract.

Before the matter was submitted to arbitration, Lindblad demanded another $23,000 for additional sums purportedly assessed against ASI by IDOL. The amount submitted for arbitration was $34,007.49 plus Lindblad's overhead and profit. After the hearing, the arbitrator issued his award for Lindblad against Plainfield in the amount of $34,007.49, stipulating that any refunds to ASI by the State of Illinois be returned to Plainfield.

Plainfield subsequently brought an action to vacate the arbitration award pursuant to section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, pars. 101 through 123). Plainfield claimed that the arbitrator exceeded its power in assessing the award against it. Specifically, Plainfield asserted that the arbitration award was entered against it for its negligent failure to include in the construction contract a prevailing wage rate provision. Plainfield then asked the court to vacate the award since, as a public body, Plainfield is immune from suit under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 1—101 through 9—107).

A variety of pleadings were filed and motions made on the original complaint. Plainfield then amended its complaint and filed a motion for summary judgment, asking the court either to vacate or modify the award on the basis that ASI had intentionally misrepresented the amount owed by Plainfield under the contract. Plainfield and Lindblad then filed motions for attorney fees and costs. They both alleged that ASI's president, William Steinmetz, falsely stated at the arbitration hearing that the entire $34,007.49 was attributable to the Plainfield-Lindblad contract when most of that amount was actually attributable to two other school district contracts. Plainfield and Lindblad claimed rights to attorney fees and costs as a result of ASI's misrepresentations before both the arbitrator and the court.

On October 22, 1987, the circuit court entered an order granting Lindblad leave to file an amended motion for summary judgment within seven days and ASI to respond 14 days thereafter. The hearing on the motions for summary judgment and for attorney fees and costs

was set for November 25, 1987.

Lindblad filed its amended motion for summary judgment on November 13, 1987, giving ASI 12 days to respond. At the hearing, the trial court entered an order granting summary judgment for Lindblad, reducing the arbitrator's award to $10,567.52, and granting both Lindblad and Plainfield attorney fees under section 2—611 of the Civil Practice Law (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611) against ASI and William Steinmetz. The court found that Steinmetz knowingly presented false information to the arbitrator regarding the amount in controversy and filed pleadings with the court, requesting the court to confirm an arbitration award, which Steinmetz knew was for a sum far in excess of the amount to which ASI had any right. ASI appeals from that decision. Plainfield cross-appeals, asking this court to hold that it is immune from liability only if we determine that the trial court erred in reducing the arbitration award to $10,567.52.

The first issue we address is whether the trial court properly reduced the arbitrator's award, which was inflated because of the misrepresentations of a party to that proceeding. Section 12 of the Uniform Arbitration Act provides that "the court shall vacate an award where: (1) The award was procured by corruption, fraud or other undue means." (Ill. Rev. Stat. 1985, ch. 10, par. 112(a)(1).) This court has held that where an arbitration award is in part improperly procured, only that part will be set aside. (*Stufflebeam v. Allen* (1913), 184 Ill. App. 133, 136-37.) In this case Lindblad procured an award of $34,007.49 based upon Steinmetz' assertions that IDOL assessed that amount against ASI for its work under the Plainfield-Lindblad contract. The record is clear, however, that the actual amount assessed against ASI by IDOL under the contract is $10,567.52. ASI does not deny that Steinmetz gave false testimony at the arbitration hearing as to the amount actually assessed against ASI under the Plainfield-Lindblad contract. Thus, it appears that a portion of the arbitration award was procured through improper means, namely fraud. The trial court was correct, therefore, in setting aside that portion of the award improperly procured.

ASI argues that the trial court did not have jurisdiction to set aside the award, since (1) the arbitrator's award is to be given great deference and (2) the error in the award is not apparent upon the face of the award. We note, however, that while an award may be given deference, the statute clearly permits the court to vacate the award under the circumstances of this case and does not require that the error be apparent on the face of the award.

In its cross-appeal Plainfield asks that, if this court determines

that the trial court erred in reducing the arbitration award to $10,567.52, we hold Plainfield to be immune from liability under the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, pars. 1—101 through 9—107). We have determined the trial court to have been correct in reducing the award. Therefore, we will not entertain Plainfield's argument.

We next address the issue of whether the trial court properly awarded Plainfield and Lindblad attorney fees against ASI and William Steinmetz. We hold that while the decision to award fees was proper, the amount awarded should reflect only that amount relating to ASI's false statements made in the trial proceedings. Section 2—611 of the Illinois Civil Practice Law provides that

> "[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.)

A petition for attorney fees under section 2—611 must specifically state both the statements falsely made and the fees which resulted from such false statements. *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 236, 512 N.E.2d 85, 89.

Here, ASI procured an arbitration award which it knew to be in excess of its due under the Plainfield-Lindblad contract. ASI then filed pleadings and motions below seeking to enforce the award which it knew to have been improperly procured. ASI's conduct falls within the scope of section 2—611. (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.) From the record it appears, however, that the trial court awarded fees incurred since the initiation of the arbitration hearing. There is nothing in the statute suggesting that the award of fees may include expenses incurred in an arbitration hearing which became the

subject of the trial court's review. Without clear statutory authorization, we decline to allow the award of such fees.

Further, there is nothing in the record to indicate which fees were incurred as a result of the false statements. When Plainfield originally sought to vacate the arbitration award, it did so on the tort immunity basis. Only after Plainfield and Lindblad discovered the information pertaining to ASI's misleading evidence at the arbitration hearing did they file motions for attorney fees under section 2—611. We think that the trial court should have apportioned the fees to reflect a penalty only on the portion of the litigation rising from the use of the false statements. In remanding to permit the trial court to apportion the fees, we leave the method of such determination to its sound discretion.

■ Counsel for ASI also argues that the trial court improperly awarded attorney fees against William Steinmetz. We agree. Section 2—611 permits the sanction of attorney fees against a party to the action or against an attorney of record, either or both of which sign in violation of the statute. (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.) Though he may have been the exclusive source of the false statements upon which the award of attorney fees is predicated, Steinmetz was not a party to the action, nor was he an attorney of record. He is not, therefore, subject to an award of attorney fees under the statute. Accordingly, we reverse that portion of the trial court's decision awarding attorney fees against William Steinmetz.

■ ASI also appeals from the denial of an award of attorney fees against Plainfield and Lindblad. ASI argues that, using "subterfuge," Plainfield and Lindblad have made "sham," "vexatious," and "frivolous" assertions against ASI. ASI has done little, however, to indicate the facts of record giving rise to its skeletal argument. Without facts manifestly contrary to the sound discretion of the trial court, we are not inclined to disturb that court's decision. (See *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 318, 469 N.E.2d 183, 191; *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 151, 351 N.E.2d 285, 290.) We hold, therefore, that the trial court was correct in denying ASI attorney fees against Plainfield and Lindblad.

■ Similarly, ASI offers a token argument that the trial court should not have granted summary judgment because there were material issues of fact. Were ASI correct, we would be required to reverse. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) ASI has not, however, shown to this court any material issue of fact. ASI mentions the amount in controversy, but it does not explain the existence of a material issue of fact relating to the amount in controversy. Accordingly,

we hold that the trial court did not err in granting summary judgment to Plainfield and Lindblad.

ASI argues, finally, that it was prejudiced by Lindblad's delayed filing of its amended motion for summary judgment. ASI notes that it was given 12 instead of 14 days to respond. We note, however, that the record indicates that ASI raises this argument for the first time in this appeal. We think that if ASI considered itself prejudiced by Lindblad's untimely filing, it would have vigorously pursued a remedy at the trial level. Thus, even if we thought ASI's argument meritorious, we would not consider ASI's argument for the first time in this appeal. See *Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 454, 384 N.E.2d 47, 50.

Accordingly, the judgment of the Will County Circuit Court reducing the arbitration award to $10,567.52 is affirmed, the judgment awarding fees against William Steinmetz is reversed, and the judgment awarding fees to Plainfield and Lindblad is remanded to be modified in accordance with this opinion.

Affirmed in part; reversed in part and remanded.

HEIPLE and BARRY, JJ., concur.