(No. 64930.—

SYLVIA MUSKAT, Appellant, v. PAUL STERNBERG, M.D., *et al.*, Appellees.

*Opinion filed March 23, 1988.*

Norbert N. Rosenthal, of Norbert N. Rosenthal & Associates, Ltd. (Paul Brooks Tarr, of counsel), and Harold A. Liebenson, all of Chicago, for appellant.

Thomas H. Fegan and Brian C. Fetzer, of Johnson, Cusack & Bell, of Chicago, for appellee Paul Sternberg.

Stanley J. Davidson and Peter A. Walsh, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Highland Park Hospital.

James K. Meguerian and Luke DeGrand, of Isham, Lincoln & Beale, of Chicago, for appellees Intermedics, Inc. and Intermedics Intraocular, Inc.

James T. Newman, of Robert J. Cooney & Associates, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Sylvia Muskat, brought suit in the circuit court of Cook County for injuries allegedly suffered as a result of cataract removal surgery. The defendants in-

cluded the surgeon, the hospital at which the operation was performed, and the manufacturer of a corrective lens which was implanted in the plaintiff's eye.

Plaintiff's surgery was performed between July 23 and July 26, 1980. Sometime thereafter, plaintiff alleged, the lens which had been implanted in her right eye became loose and migrated from its intended location in her eye, causing pain and reduced vision. Plaintiff filed a complaint on July 22, 1982, pleading negligence and product liability theories. Defendants contend that the complaint was filed one day before the expiration of the applicable statute of limitations. Plaintiff does not dispute this. The suit remained pending for two years, during which time plaintiff neither attempted nor obtained service of process upon any of the defendants. The action was dismissed for want of prosecution on July 23, 1984.

On July 23, 1985, plaintiff refiled her complaint pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). Defendants were served with process in the refiled suit between August 19, 1985, and October 25, 1985. They responded by moving to dismiss under Rule 103(b) (107 Ill. 2d R. 103(b)), alleging that plaintiff had failed to exercise reasonable diligence in effectuating service of process. The trial court denied the motions on the ground that the appropriate period of time by which to measure plaintiff's diligence commenced with refiling of the lawsuit.

The appellate court granted the defendants' joint application for interlocutory appeal under Rule 308 (107 Ill. 2d R. 308), and the following question was certified:

"Whether, in a case in which the plaintiff's original lawsuit was dismissed for want of prosecution, and no Supreme Court Rule 103(b) motion was filed and no service of process was attempted or obtained in the original lawsuit, a trial court may consider any lack of reasonable

diligence in obtaining service of process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit."

The appellate court answered the certified question in the affirmative, reversed the trial court's denial of the Rule 103(b) motion to dismiss and remanded for further proceedings. (151 Ill. App. 3d 304.) Thereafter, we granted the plaintiff's petition for leave to appeal. 107 Ill. 2d R. 315.

In this case, we are once again called upon to explore the interrelationship between Rule 103(b), which requires the exercise of reasonable diligence in obtaining service of process, and section 13—217, which permits plaintiffs to refile suits beyond the statute of limitations under certain circumstances.

Our Rule 103(b) provides:

> "Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (107 Ill. 2d R. 103(b).)

Section 13—217 of the Code of Civil Procedure provides:

> "[A]ctions *** where the time for commencing an action is limited, *** or the action is dismissed for want of prosecution, *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

The plaintiff relies on *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616. However, in *Aranda* there were some significant differences from the facts in the case now before us, especially concerning the diligence of plaintiff. In *Aranda*, the complaint was filed six months after the injury, and not on the last day of the limitations period. The complaint was put on a "no progress call" and dismissed for want of prosecution on January 29, 1974, more than two months before the running of the statute of limitations. On July 12, 1974, about 5½ months after the case was dismissed for want of prosecution, and only three months after the statute of limitations had expired, the case was refiled and service of summons was had 13 days later.

We noted in *Aranda* that the dismissal had been before the running of the statute of limitations and that if the dismissal would have been under our Rule 103(b) for failure to exercise diligence in obtaining service, the case could only have been dismissed without prejudice. After noting the diligence displayed by the plaintiff in *Aranda*, this court stated that a court, in passing on a motion challenging the plaintiff's diligence in obtaining service, may consider the overall lapse of time between the filing of the first complaint and the ultimate service of summons in the second case.

The holding in *Aranda* foreshadowed the holding of this court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, where it was stated:

"We further hold that, in ruling on the pending Rule 103(b) motions, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." (*O'Connell*, 112 Ill. 2d at 283.)

In *O'Connell*, the plaintiff had filed his lawsuit on the last day he could have filed under the statute of limitations, summons was not issued until some eight months

later, and service was obtained upon all the defendants within one month thereafter. The defendants filed Rule 103(b) motions, and the plaintiff moved for voluntary dismissal, pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). The motion for voluntary dismissal was granted without any action being taken on the Rule 103(b) motions to dismiss. The plaintiff then refiled under section 13—217 and served the defendants with process within 10 days. The defendants again moved for a dismissal under our Rule 103(b). The trial court denied the motions.

In *O'Connell*, this court stated that Rule 103(b) was adopted to effectuate the court's historical and constitutional mandate to render justice fairly and promptly, and stated:

"Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it. Where a plaintiff (1) fails to exercise due diligence, particularly where his failure continues long after the expiration of the statute of limitations; (2) takes a voluntary dismissal pursuant to section 2—1009 when his diligence is challenged by a Rule 103(b) motion; and (3) refiles his action under section 13—217, even though promptly effecting service on his refiled complaint, justice is truly and unnecessarily delayed." *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282.

The appellate court in this case relied upon *O'Connell* in holding that the plaintiff's diligence in obtaining service may be measured from the initial filing of the suit. It should be noted, however, that in *O'Connell*, prior to the dismissal of the first suit, summons had been issued

and all defendants were served with process, although not until about nine months after the complaint had been filed. Also, in *O'Connell*, all defendants filed a motion to dismiss the first suit under our Rule 103(b) for lack of diligence in obtaining service of process. The plaintiff then voluntarily dismissed the case and refiled the action under section 13—217. All defendants again moved to dismiss the second complaint with prejudice. In our case, however, there had been no service of summons upon any of the defendants prior to the dismissal of the original action for want of prosecution. The Rule 103(b) motion to dismiss for lack of diligence in obtaining service of process was filed after the complaint had been refiled and service had been obtained. This difference, however, does not render the holding in *O'Connell* inapplicable to the facts of our case.

In *Catlett v. Novak* (1987), 116 Ill. 2d 63, the plaintiff filed his complaint one day before the statute of limitations had run, alleging negligence on the part of James Novak and the Illinois Central Gulf Railroad (ICG). Novak was the operator of an ICG vehicle. Novak was served with process nearly one year after the complaint was filed, and ICG was never served. Novak moved to dismiss under our Rule 103(b), and the plaintiff then voluntarily dismissed his suit. Nine months later, the plaintiff refiled and obtained service of process on ICG within three days and on Novak within seven days. Both defendants then filed motions to dismiss under our Rule 103(b), alleging lack of diligence in obtaining service of process. These motions were denied. ICG then filed a second motion to dismiss under Rule 103(b) and alleged that section 13—217 of the Code of Civil Procedure, which permitted the refiling by the plaintiff, was unconstitutional in that it denied ICG the right to rely on the statute of limitations and the protection of that right through our Rule 103(b). The trial court dismissed the

complaint as to ICG, but did not dismissed as to Novak, and only ICG was involved in the appeal.

Thus, in *Catlett*, as in our case, as to the defendant involved in the appeal, there had been no service of process in the original suit and no motion by that defendant for a dismissal of the original suit under Rule 103(b). Also, in *Catlett*, as in our case, the original suit was filed near the end of the limitations period and no service of summons was attempted until long after the limitations period had expired.

*Catlett* affirmed the holding of *O'Connell*, even though in *Catlett* there had been no service on ICG and no motion by ICG to dismiss in the first suit. The court noted in *Catlett*, as did the appellate court in this case, that the defendant who was not served did not have the opportunity to challenge the diligence of plaintiff because it had not been served with process and notified of the case. In *Catlett*, "[i]n light of and consistent with the intent of the decision in *O'Connell*," we remanded the case to the circuit court for a hearing under Rule 103(b) on the question of reasonable diligence of plaintiff in obtaining service of process and directed that the trial court consider the circumstances surrounding the plaintiff's service of process on his original, as well as his refiled, complaint. (*Catlett*, 116 Ill. 2d at 71.) The holding in *Catlett* is controlling in our case.

In *O'Connell* and in *Catlett*, we emphasized that nothing is more critical to the judicial function than the administration of justice without delay. We also noted that reasonable diligence in the service of process, as required by Rule 103(b), is essential to rendering justice fairly and promptly. The rationale of those cases is that this court may not be thwarted in its constitutional mandate to render justice fairly and promptly by the manipulation of the statutory provisions relating to dismissal and the refiling of suits.

Our Rule 103(b) provides that if the failure to exercise reasonable diligence to obtain service occurs after the expiration of the application statute of limitations, the dismissal *shall* be with prejudice. The wording of Rule 103(b) requires that the exercise of diligence in obtaining service of process after the expiration of the statute of limitations be considered whether that lack of diligence occurred in the first suit or after it had been dismissed and refiled. The last sentence of Rule 103(b) also provides that the dismissal may be made on application of a defendant or *on the court's own motion.* Thus, in fulfilling the constitutional mandate of rendering justice fairly and promptly, and maintaining control of its own calendar, a trial court must consider the purpose of Rule 103(b) and its requirements in entering dismissal orders, whether it be a dismissal for want of prosecution, or a voluntary dismissal under section 2—1009 and a refiling under section 13—217. The voluntary dismissal under section 2—1009 and the refiling under section 13—217 does not insulate the plaintiff from the lack of diligence displayed prior to the dismissal.

The plaintiff argues that if we find *O'Connell* to be controlling, we should apply the holding of that case prospectively only, and not to the facts of this case. We decline to do so. First, the holding of *O'Connell* related to procedural, and not substantive, matters. When a change in the law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after the change in the law, and without regard to whether suit had been instituted or not. (*Ogdon v. Gianakos* (1953), 415 Ill. 591, 597.) Furthermore, we do not view the holding in *O'Connell* as a clear change in the law. The language of our Rule 103(b), as noted above, clearly requires that the plaintiff's diligence in obtaining service of process after the running of the

statute of limitations must be considered in determining whether the complaint is to be dismissed with prejudice. Also, as noted above, the holding in *Aranda* foreshadowed the holding in *O'Connell* when this court plainly stated in *Aranda*, in holding that the plaintiff had a right to refile, that it was not saying that, in passing on the defendant's Rule 103(b) motion, the trial court may not consider the overall span of time between the filing of the first complaint and the ultimate service of process in the refiled case. When this court held in *Aranda* that the plaintiff had a right to refile, that holding had to be viewed in the context of that case, where the original action was dismissed for want of prosecution before the statute of limitations had run, and the action was refiled within a few months and service was promptly had. As a final reason for not applying *O'Connell* prospectively only, we note that we have already applied the holding of *O'Connell* retroactively in *Catlett*.

We therefore affirm the holding of the appellate court and remand this case to the circuit court of Cook County for further proceedings.

*Appellate court affirmed;*
*cause remanded.*