MARIE REAP, Indiv. and as Adm'r of the Estate of Henry G. Reap, Jr., Deceased, *et al.*, Plaintiffs-Appellants, v. HIGHLAND PARK HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 86—3385

Opinion filed May 3, 1988.

James E. Pancratz, of James E. Pancratz, Ltd., of Chicago, for appellants.

Peter Walsh, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Highland Park Hospital.

Lenard C. Swanson and Dorothy A. Denniston, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellees Rohit Shah, David Ginsburg, and Mark Stern.

Gary I. Blackman, of French, Rogers, Kezelis & Kominiarek, P.C., of Chicago, for appellee Lawrence Hollander.

Robert Snook, of Law Offices of Robert L. Snook, of Waukegan, for appellee Michael Ankin.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiffs appeal from the trial court's order dismissing their medical malpractice action against defendants pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)).[1]

On May 12, 1982, the eve of the expiration of the applicable statute of limitations, plaintiff filed a medical malpractice action against defendants. On November 9, 1982, the complaint was dismissed for want of prosecution. It was reinstated on February 4, 1983. Again, on May 10, 1984, the complaint was dismissed for want of prosecution. During this time, plaintiffs did not attempt or obtain service of process on any of the defendants involved in this appeal.

On November 28, 1984, plaintiffs refiled their complaint pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Defendants were served promptly in the refiled action. Defendants moved to dismiss under Rule 103(b) alleging that plaintiffs had failed to exercise reasonable diligence in effectuating service of process. The trial court considered plaintiffs' lack of diligence in the original case and dismissed this refiled complaint with prejudice. Plaintiffs contend that the trial court erred in considering the plaintiffs' lack of diligence in the original case.

The following question was certified in *Muskat v. Sternberg* (1988), 122 Ill. 2d 41:

"Whether, in a case in which the plaintiff's original lawsuit was dismissed for want of prosecution, and no Supreme Court Rule 103(b) motion was filed and no service of process was attempted or obtained in the original lawsuit, a trial court may consider any lack of reasonable diligence in obtaining service of

---

[1]Defendant Frank Carone, M.D., was timely served with process in the original case, which was dismissed for want of prosecution, and in this refiled case. Plaintiffs' action against Dr. Carone is pending in the trial court and not involved in or affected by this appeal.

process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit." *Muskat*, 122 Ill. 2d at 43-44.

Our supreme court answered this question in the affirmative, stating: "In *O'Connell* and in *Catlett*, we emphasized that nothing is more critical to the judicial function than the administration of justice without delay. We also noted that reasonable diligence in the service of process, as required by Rule 103(b), is essential to rendering justice fairly and promptly. The rationale of those cases is that this court may not be thwarted in its constitutional mandate to render justice fairly and promptly by the manipulation of the statutory provisions relating to dismissal and the refiling of suits." (*Muskat*, 122 Ill. 2d at 48, citing *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, and *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.) It then concluded that: "[R]efiling under section 13—217 does not insulate the plaintiff from the lack of diligence displayed prior to the dismissal." (*Muskat*, 122 Ill. 2d at 49.) The supreme court also found this holding to apply retroactively. *Muskat*, 122 Ill. 2d at 49.

We, therefore, conclude that *Muskat* is dispositive of the issues presented in this case.

Next, plaintiffs contend that the defendants waived their rights under Rule 103(b). The record reveals that this argument was not made to the trial court and is, therefore, not properly before this court. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.