LORENZO MARTINEZ, Appellee, v. JOHN R. ERICK-
SON, M.D., *et al.*, Appellants.—LORENZO MAR-
TINEZ, Appellee, v. BAKKIAM SUBBIAH, M.D., Ap-
pellant.

*Opinion filed February 22, 1989.—Rehearing
denied April 3, 1989.*

CALVO, J., took no part.

Linda E. Frischmeyer, Robert T. Park and Stuart R. Lefstein, of Katz, McAndrews, Balch, Lefstein & Fieweger, P.C., of Rock Island, for appellants John R. Erickson *et al.*

Ole Bly Pace III, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellant Bakkiam Subbiah, M.D.

Louis Hilfman, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Resolution of the question common to these consolidated appeals requires that we revisit our recent decisions on the interplay of Supreme Court Rule 103(b) and section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217).

On October 24, 1980, the plaintiff, Lorenzo Martinez, brought an action in the circuit court of Cook County against Dr. John R. Erickson, Dr. Darroll Erickson, and the Sterling-Rock Falls Clinic, Ltd. (the Clinic). The complaint alleged medical malpractice and was filed the same day the applicable statute of limitations expired. On February 19, 1981, the plaintiff brought a factually related action in the circuit court of Cook County against Dr. Bakkiam Subbiah. This complaint also alleged medical malpractice, and it was filed one day before the applicable statute of limitations expired. On July 27, 1981, the plaintiff voluntarily dismissed his action against the Ericksons and the Clinic. On September 22, 1981, the plaintiff's action against Dr. Subbiah was dismissed for want of prosecution. In neither case had the plaintiff attempted or obtained service of process on any of the defendants.

Relying on section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), the plaintiff refiled a single action in the circuit court of

Whiteside County against all four defendants on July 26, 1982. Summonses were issued on that date; the Ericksons and the Clinic were served on July 29, and Dr. Subbiah was served on August 12.

Dr. Subbiah moved to dismiss the plaintiff's action under Supreme Court Rule 103(b) for failure to exercise reasonable diligence in obtaining service of process after the expiration of the applicable statute of limitations. (107 Ill. 2d R. 103(b).) The remaining defendants initially answered the complaint, and later they amended their answers to allege, as affirmative defenses, the statute of limitations and the plaintiff's unreasonable delay in effecting service of process under Rule 103(b).

On September 17, 1985, the trial judge granted Dr. Subbiah's motion to dismiss, citing the appellate court's opinion on remand from our decision in *Dillie v. Bisby* (1985), 106 Ill. 2d 487. In *Dillie* we held that an order allowing a plaintiff's motion for voluntary dismissal of his action is final and appealable, and we remanded the cause to the appellate court for consideration of the propriety of the dismissal order in that case; the plaintiff in *Dillie* had taken the voluntary dismissal in the face of a pending defense motion for dismissal under Rule 103(b). The appellate court, in its decision on remand, noted the potential conflict between sections 2—1009 and 13—217 on the one hand and our Rule 103(b) on the other. The appellate court stated that "trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion." (*Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 171-72.) The trial judge here, relying on the appellate court's opinion in *Dillie*, ruled that actions dismissed and later refiled under section 13—217 are subject to the reasonable diligence requirement of Rule 103(b). Moreover, the trial judge believed that an evaluation of a plaintiff's diligence must

include consideration of the plaintiff's conduct with respect to the original action as well as the refiled action. The trial judge concluded that the plaintiff, from the outset of the litigation here, had exhibited an extreme lack of diligence in effecting service of process.

On July 28, 1986, the trial judge denied the plaintiff's motion for reconsideration of his previous order granting Dr. Subbiah's motion to dismiss. The trial judge also granted the motion of Dr. John Erickson and the Clinic for summary judgment, relying on the appellate court's opinion in *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, and on our opinion in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273. In *O'Connell* we held that a trial judge should consider a pending defense motion for dismissal under Rule 103(b) before taking up a plaintiff's motion for voluntary dismissal; in *O'Connell* we also stated that the trial judge may weigh the circumstances surrounding service of process in the original action as well as in the refiled action.

The plaintiff appealed from the orders entered in favor of Dr. Subbiah, Dr. John R. Erickson, and the Clinic, and the appellate court reversed. The plaintiff did not challenge the circuit court's order in favor of Dr. Darroll Erickson, who was granted summary judgment on the ground that he had not been involved in the treatment of the plaintiff. The appellate court agreed with the plaintiff that *O'Connell* established a new principle of law that should not be applied retroactively to actions that were dismissed and refiled before that decision was announced. (155 Ill. App. 3d at 1099.) The appellate court also expressed the view that although this court had applied *O'Connell* retroactively in *Catlett v. Novak* (1987), 116 Ill. 2d 63, *Catlett* was not controlling. According to the appellate court, the *Catlett* disposition "did not examine the fact that *O'Connell* represents a clear change in the law, nor did it mention the issue of

retroactive application of the new principles." 155 Ill. App. 3d at 1100.

We granted the petitions for leave to appeal filed by Dr. John R. Erickson and the Clinic (No. 65595) and by Dr. Bakkiam Subbiah (No. 65596) (107 Ill. 2d R. 315), and the actions were consolidated for purposes of review.

Section 13—217 of the Code of Civil Procedure provides, in pertinent part:

> "[I]f *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.)

Supreme Court Rule 103(b) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

The question before us is whether our decision in *O'Connell* should be applied retroactively to govern actions that were dismissed and refiled before our decision in that case was announced. The plaintiff concedes that the rule expressed in *O'Connell* is directly on point, but he opposes retroactive application of the decision. As noted by the parties during oral argument, however, the

question regarding *O'Connell*'s prospective or retroactive application was expressly resolved in favor of retroactivity in *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, which was decided after the appellate court decision in this case.

In *O'Connell*, we examined the interrelationship between the diligence requirement of Supreme Court Rule 103(b) and section 13—217 of the Code of Civil Procedure, which permits the refiling of suits beyond the expiration of the applicable statute of limitations. The plaintiff in *O'Connell* filed suit on the last day under the applicable statute of limitations and failed to serve the defendants for nine months thereafter. The defendants moved for dismissal under Supreme Court Rule 103(b), and in response the plaintiff voluntarily dismissed his action under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009); the trial judge allowed the plaintiff's dismissal without taking any action on the defendants' pending Rule 103(b) motion. The plaintiff then refiled his action pursuant to section 13—217 and served the defendants within 10 days. The defendants again moved for dismissal under Rule 103(b), and the trial judge denied the motion.

In *O'Connell* we noted that our Rule 103(b) was adopted to ensure the prompt and fair administration of justice. (*O'Connell*, 112 Ill. 2d at 282.) Sections 2—1009 and 13—217 of the Code of Civil Procedure, which allow a plaintiff to voluntarily dismiss and refile a cause of action, were held to unduly infringe on the authority of the judiciary to discharge its duties fairly and expeditiously. To remedy this conflict, we concluded in *O'Connell* that a plaintiff's right to voluntarily dismiss and refile his complaint is subject to the requirement of reasonable diligence enunciated in Rule 103(b). (112 Ill. 2d at 283.) Furthermore, we held that in assessing reasonable diligence, a circuit judge may consider the cir-

cumstances surrounding the plaintiff's service of process of both the original complaint and the refiled complaint. We remanded the cause to the circuit court for an evaluation of the plaintiff's conduct in light of those principles.

The meaning of *O'Connell* was clarified in *Catlett v. Novak* (1987), 116 Ill. 2d 63. In *Catlett* the plaintiff filed his complaint one day before the expiration of the applicable statute of limitations. The defendant was never served with process, and the plaintiff later dismissed his action voluntarily. The plaintiff subsequently refiled the action, and the defendant was then served with process. The defendant moved for dismissal of the refiled action under Rule 103(b). Although the defendant was not served in the original action and therefore did not have an opportunity to move for a Rule 103(b) dismissal until the cause was refiled, we determined that *O'Connell* was nonetheless applicable to those circumstances. Moreover, although the voluntary dismissal and refiling of the action in *Catlett* occurred several years before *O'Connell* was decided, the plaintiff in *Catlett* did not contend that application of *O'Connell* to his action would be inappropriate, and we remanded the cause to the circuit court for consideration of the *Catlett* defendant's Rule 103(b) dismissal motion in light of the principles expressed in *O'Connell*.

In *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, we expressly determined that retroactive application of *O'Connell* was proper. The plaintiff in *Muskat* filed a medical malpractice complaint one day before the expiration of the applicable statute of limitations. The suit remained pending for two years, during which time the plaintiff never attempted or obtained service of process on any of the defendants. The complaint was subsequently dismissed for want of prosecution. One year later, the plaintiff refiled her complaint pursuant to section 13—217 of

the Code of Civil Procedure, and the various defendants were served between one and three months after the refiling of the suit. The defendants later moved to dismiss the refiled action under Rule 103(b), alleging a lack of diligence in effecting service of process. The trial judge denied the motion, measuring the plaintiff's diligence only by his conduct in effecting service of process of the refiled action.

In *Muskat* we reaffirmed our ruling in *Catlett* that the principles expressed in *O'Connell* apply whether or not the defendant was ever served with process in the original action. A ruling on a Rule 103(b) dismissal motion, made following service of process of a refiled action, therefore requires an examination of the plaintiff's diligence in the original action as well as in the refiled action even if service was never effected in the original action.

Moreover, *Muskat* expressly held that *O'Connell* operates retroactively. In making that determination we rejected the same contentions that the appellate court relied on in this case when it held that *O'Connell* could have only prospective application. We stated in *Muskat*:

> "The plaintiff argues that if we find *O'Connell* to be controlling, we should apply the holding of that case prospectively only, and not to the facts of this case. *** First, the holding of *O'Connell* related to procedural, and not substantive, matters. When a change in the law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after the change in the law, and without regard to whether suit had been instituted or not. [Citation.] Furthermore, we do not view the holding in *O'Connell* as a clear change in the law. The language of our Rule 103(b), as noted above, clearly requires that the plaintiff's diligence in obtaining service of process after the running of the statute of limitations must be considered in determining whether

the complaint is to be dismissed with prejudice. Also, as noted above, the holding in *Aranda* [*v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616] foreshadowed the holding in *O'Connell* when this court plainly stated in *Aranda*, in holding that the plaintiff had a right to refile, that it was not saying that, in passing on the defendant's Rule 103(b) motion, the trial court may not consider the overall span of time between the filing of the first complaint and the ultimate service of process in the refiled case. When this court held in *Aranda* that the plaintiff had a right to refile, that holding had to be viewed in the context of that case, where the original action was dismissed for want of prosecution before the statute of limitations had run, and the action was refiled within a few months and service was promptly had. As a final reason for not applying *O'Connell* prospectively only, we note that we have already applied the holding of *O'Connell* retroactively in *Catlett*." (*Muskat*, 122 Ill. 2d at 49-50.)

These reasons apply with equal weight, of course, to the actions before us. Consequently, our decision in *Muskat* must control our disposition of the current appeals.

The question remains whether the causes must be remanded to the circuit court for further proceedings. We note that the circuit judge, in dismissing the plaintiff's claim against Dr. Subbiah under Rule 103(b), examined the circumstances surrounding the plaintiff's service of process in his original, as well as refiled, complaint. The circuit judge's initial ruling appears in a memorandum of opinion filed September 17, 1985. Citing the supreme court and appellate court opinions in *Dillie*, the circuit judge ruled that the plaintiff had failed to act with reasonable diligence in effecting service of process on Dr. Subbiah. The circuit judge made specific note of the following: (1) the plaintiff was at all times aware of the defendant's place of residence and practice, yet made no effort to have summons issue in the first suit; (2) the plaintiff was aware that defendant resided in Whiteside

County and that the acts complained of occurred in Whiteside County, yet still filed suit in Cook County; (3) the original suit was filed one day before the expiration of the statute of limitations and lay dormant for seven months; (4) the plaintiff's attorney filed suit in Cook County for the sole purpose of avoiding the bar of limitations; and (5) service of process was first effected 11 months after the statute of limitations had run. In the memorandum of opinion the circuit judge additionally stated, "Obviously, there has not been any unreasonable delay by plaintiff in effecting service of summons, *after filing in Whiteside County.*" (Emphasis in original.) The judge determined, however, that the plaintiff had failed to act with reasonable diligence and therefore granted Dr. Subbiah's Rule 103(b) motion. Later, on July 28, 1986, the circuit judge granted summary judgment in favor of Dr. John R. Erickson and the Clinic, and denied the plaintiff's motion for reconsideration of the order granting Dr. Subbiah's dismissal motion. In support of those rulings the circuit judge cited our decision in *O'Connell* and the appellate court's decision in *Dillie.*

We are concerned, however, that the circuit judge may not have accorded adequate weight to the plaintiff's conduct in effecting service on the defendants following the refiling of his action in Whiteside County. In *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, we ruled that a court may "consider an overall span of time between the filing of the first complaint and the ultimate service of summons in the second case in assessing plaintiff's diligence." We cautioned, however, that "the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 [*i.e.*, the statutory predecessor to section 13—217] cannot be so abbreviated as to make the right granted by that action meaningless." According to the *O'Connell* standard, as developed, the circuit judge is to

consider service after refiling in light of the entire history of the case. He cannot disregard obvious diligence on the part of the plaintiff after refiling. The determination of diligence must be made in light of the totality of the circumstances. Therefore, we believe that a new hearing should be conducted by the circuit judge, so that he may reconsider the defendants' motions in light of the views expressed here.

For the reasons stated, the judgment of the appellate court is reversed. The orders of the circuit court granting defendant Subbiah's motion to dismiss and the motion of Dr. John R. Erickson and the Clinic for summary judgment are reversed, and the causes are remanded to the circuit court of Whiteside County for further proceedings not inconsistent with this opinion.

*Judgments reversed;*
*causes remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.