624

JOHN BASTAS, Plaintiff-Appellant, v. RICHARD A. VICERE *et al.*, Defendants-Appellees (Geraldine Cundari, Defendant).

First District (5th Division) No. 1—89—0416

Opinion filed March 30, 1990.

Frank J. Hucek and Ann M. Hucek, both of Berwyn, for appellant.

Robert C. Farrar, of Heineke, Burke, Healy & Bodach, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, John Bastas, appeals from the dismissal of his complaint with prejudice against defendants, Richard and Jean Vicere, for failure to exercise diligence in obtaining service under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). We address the issues of whether the trial court abused its discretion when it dismissed plaintiff's complaint with prejudice under Rule 103(b) and whether the trial court's entry of a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) was improper. We affirm.

On December 13, 1985, plaintiff filed his original complaint against defendants Richard and Jean Vicere, Sir Ric's, and Geraldine Cundari. The complaint alleged that on December 16, 1983, plaintiff was injured on the premises of Jeannie's Den, a bar owned by Cundari and operated by the Viceres and Sir Ric's. The bar was located in an unincorporated part of Leyden Township in Cook County. On the same day the complaint was filed, a summons was issued for Richard and Jean Vicere. The sheriff attempted to serve the Viceres at the bar three times but each time was told they were not in. The summons was returned unserved on January 2, 1986. Plaintiff did not attempt to serve the Viceres again. Plaintiff, however, obtained service on Sir Ric's but that return of service is not present in the record.

Fifteen months after the complaint was filed, on March 16, 1987, plaintiff obtained a voluntary dismissal under section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a)) of the action against the Viceres and Cundari, who were not served. The case continued against Sir Ric's.

A year after the voluntary dismissal, on March 14, 1988, plaintiff refiled his complaint under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) against the Viceres

and Cundari. The Viceres were served at their home in Lombard, Illinois, on March 22, 1988. Plaintiff also obtained service on Cundari.

The Viceres moved to dismiss the complaint pursuant to Rule 103(b) supported by their affidavits that stated their home and business addresses were listed in the telephone book since the date of plaintiff's injury. The Viceres attached copies of the pages in the telephone book showing their current listings. The business address listed in the telephone book was for Jeannie's Den at the same address where the accident occurred and where plaintiff attempted to serve the Viceres in the original action.

In response to the motion, plaintiff's attorney filed his own affidavit which stated that he could not obtain the Viceres' home address from the liquor license application for the bar. The application was not attached to the affidavit. Also, plaintiff's attorney spoke to Richard Vicere at Jeannie's Den but he would not give the attorney his home address. Although the Viceres argued that the affidavit should not be given any weight, they did not move to strike it in the trial court.

The Viceres' motion was granted on June 30, 1988, and plaintiff's action against Cundari remained pending in the trial court. On July 20, 1988, the Viceres filed a motion for a finding under Rule 304(a) that the dismissal order was final and appealable, which was granted on January 6, 1989. Plaintiff filed a timely notice of appeal.

OPINION

 Supreme Court Rule 103(b) provides that if a plaintiff failed to exercise reasonable diligence in obtaining service after the statute of limitations expired, the action against an unserved defendant may be dismissed and the dismissal shall be with prejudice. (107 Ill. 2d R. 103(b).) Although each case must be decided on its own facts, in ruling on a motion to dismiss under Rule 103(b), the trial court may consider the length of time used to obtain service, the ease with which defendant's address could have been ascertained, the efforts of plaintiff, plaintiff's knowledge of defendant's address, defendant's actual knowledge of the action, and any other special circumstances. (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1.) In cases where a plaintiff has obtained a voluntary dismissal and subsequently refiled the action, the trial court can consider plaintiff's failure to exercise diligence in the original suit in deciding whether to grant a Rule 103(b) dismissal. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.) As stated in *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 49, 521 N.E.2d 932, 935, "[t]he voluntary dismissal under section 2—1009 and the refiling under section 13—217 does not insu-

late the plaintiff from the lack of diligence displayed prior to the dismissal." However, the trial judge cannot disregard plaintiff's diligence in serving defendant after the case was refiled. (*Martinez v. Erickson* (1989), 127 Ill. 2d 112, 535 N.E.2d 853.) On appeal from a Rule 103(b) dismissal, the reviewing court must consider whether the trial court abused its discretion. *Segal v. Sacco* (1988), 175 Ill. App. 3d 504, 529 N.E.2d 1038.

At oral argument, plaintiff relied on *Martinez* (127 Ill. 2d 112, 535 N.E.2d 853), where the supreme court reversed the trial court's Rule 103(b) dismissal of plaintiff's complaint. In *Martinez*, plaintiff filed two actions which were factually related, but plaintiff did not attempt to serve the defendants. Plaintiff obtained a voluntary dismissal of one case after seven months, and the other was dismissed for want of prosecution after nine months. After refiling the cases as a single action, plaintiff obtained service on defendants within three weeks. The supreme court reversed the trial court's dismissal of the action and remanded the case for a new hearing because "the circuit judge may not have accorded adequate weight to the plaintiff's conduct in effecting service on the defendants following the refiling of his action[.]" *Martinez*, 127 Ill. 2d at 121, 535 N.E.2d at 857.

Plaintiff apparently urges a similar disposition as in *Martinez*; however, a review of a Rule 103(b) dismissal is dependent on the facts of the case and we do not believe that a remandment is warranted here. Although plaintiff in this case at least made an attempt to serve the Viceres in the original action, the action remained pending for 15 months without service on the Viceres. In that time, plaintiff issued only one summons for them. The return of service indicated that the Viceres were not present at the time the sheriff attempted to serve them at the bar, but plaintiff did not attempt to serve them again. Plaintiff's attorney stated in his affidavit that he could not obtain their address from the liquor license application for the bar and that he spoke to Richard Vicere, at the bar, who refused to give him his home address. The Viceres' affidavits establish that it was relatively simple to locate them as their home and business addresses were listed in the telephone book since the date plaintiff was injured. After refiling his complaint, plaintiff obtained service on the Viceres in eight days.

■ Although plaintiff's diligence in serving the Viceres after refiling his complaint cannot be disregarded, plaintiff's lack of diligence exhibited in the original action outweighs his diligence in the refiled action. The length of time that passed without serving the Viceres, the fact that plaintiff only attempted to serve them once, the fact that

their home address was listed in the telephone book, and the fact that plaintiff had their business address are sufficient to justify the trial court's dismissal of plaintiff's complaint against them. For these reasons, the trial court's dismissal of plaintiff's action was not an abuse of discretion.

■ Plaintiff also argues that the trial court improperly entered a Rule 304(a) finding on the Viceres' motion. Plaintiff's attorney filed an affidavit that stated plaintiff could not afford multiple appeals and, therefore, a Rule 304(a) finding should not have been entered. The Viceres did not address this issue in their appellate brief. Plaintiff did not include a transcript of the January 6, 1989, court hearing in the record. The entry of a Rule 304(a) finding is discretionary (*Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524), and there is no evidence of an abuse of discretion.

Affirmed.

MURRAY and GORDON, JJ., concur.