No. 2--07--0690       Filed: 5-20-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEBRA HATCHETT, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06--L--303 |
| | ) | |
| LARRY SWANSON, d/b/a Lightning | ) | |
| Bolt Cycling Club, | ) | Honorable |
| | ) | Janet R. Holmgren, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, Debra Hatchett, appeals from an order of the circuit court of Winnebago County dismissing, with prejudice, her personal injury lawsuit against defendant, Larry Swanson, d/b/a Lightning Bolt Cycling Club. The trial court granted defendant's motion to dismiss the action pursuant to Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)), on the grounds that plaintiff failed to exercise diligence in obtaining service on defendant. Plaintiff had previously filed a lawsuit against defendant concerning the same subject matter, but she voluntarily dismissed it pursuant to section 2--1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1009 (West 2004)). Plaintiff argues that the trial court improperly considered the circumstances of the original lawsuit in ruling on defendant's motion to dismiss. We disagree. Nevertheless, we conclude that the trial court improperly considered the length of time that elapsed between the dismissal of the original suit and

the commencement of this one. Accordingly, we vacate the dismissal and remand to the trial court for reconsideration of its decision.

This lawsuit arose from injuries that plaintiff allegedly suffered on November 22, 1998, while she was a spectator at a bicycle race sponsored by defendant. Plaintiff filed her earlier lawsuit on November 20, 2000--just two days before the expiration of the two-year statute of limitations for personal injury actions. Summons was served on defendant two days later. On September 24, 2003, an order was entered setting the case for trial on May 3, 2004. Four days before trial was to commence, the trial court entered an order granting plaintiff's motion for a continuance, and the trial date was stricken. On August 19, 2004, the trial court set the case for trial on February 7, 2005. On February 2, 2005, the case was taken off the trial call. Subsequently, a pretrial conference was scheduled for August 23, 2005. At the pretrial conference, plaintiff voluntarily dismissed the action pursuant to section 2--1009 of the Code.

Despite the expiration of the applicable statute of limitations, plaintiff refiled the action on August 21, 2006, pursuant to section 13--217 of the Code, which provides that, if an action is voluntarily dismissed or dismissed for want of prosecution, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution." 735 ILCS 5/13--217 (West 1994). The complaint was served on defendant roughly 17 weeks later, on December 19, 2006. Defendant moved to dismiss pursuant to Rule 103(b). In determining that the time taken to obtain service showed a lack of diligence, the trial court noted, inter alia, that the lawsuit arose from an accident in 1998; that plaintiff filed the original lawsuit near the end of the applicable limitations period; that the trial was continued twice on plaintiff's motion

before the case was voluntarily dismissed; and that the action was refiled near the end of the one-year period set forth in section 13--217 of the Code.

Supreme Court Rule 103(b) has been amended several times since it was originally adopted. From 1970 through June 1997, the rule provided as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 58 Ill. 2d R. 103(b).

Pursuant to an amendment that took effect July 1, 1997, the rule provided:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run. The dismissal may be made on the application of any defendant or on the court's own motion." 177 Ill. 2d R. 103(b).

According to the Committee Comments to Rule 103(b), the 1997 amendment "eliminates the res judicata effect (but not the statute of limitation effect) of a Rule 103(b) dismissal." 177 Ill. 2d R. 103(b), Committee Comments. As the Committee Comments explain:

"Because a Rule 103(b) dismissal will be 'without prejudice' for res judicata purposes, the dismissal will not extinguish any claims that the plaintiff might have against an undismissed defendant. Whether the dismissal will extinguish the plaintiff's claims against the dismissed defendant will depend on whether the dismissal occurs before or after the

statute of limitation has run. If before, the plaintiff will be able to refile; if after, the plaintiff will be unable to refile because the claims will be time-barred." 177 Ill. 2d R. 103(b), Committee Comments.

This version of the rule was in effect on April 3, 2007, when the trial court entered its order dismissing plaintiff's complaint with prejudice (even though the rule expressly provided for dismissal without prejudice). However, another amendment to the rule took effect on July 1, 2007. Pursuant to that amendment, Rule 103(b) currently provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13--217 of the Code of Civil Procedure." Official Reports Advance Sheet No. 13 (June 20, 2007), Rule 103(b), eff. July 1, 2007.

The Committee Comments pertaining to this amendment state that it "clarified that a Rule 103(b) dismissal which occurred after the expiration of the applicable statute of limitations shall be made with prejudice as to that defendant if the failure to exercise reasonable diligence to obtain service

on the defendant occurred after the expiration of the applicable statute of limitations" and that the amendment "applies the holding in <u>Martinez v. Erickson</u>, 127 Ill. 2d 112, 121-22 (1989), requiring a trial judge 'to consider service after refiling in the light of the entire history of the case' including reasonable diligence by plaintiff after refiling." Official Reports Advance Sheet No. 13 (June 20, 2007), R. 103, Committee Comments, eff. July 1, 2007. The trial court's ruling on a motion to dismiss pursuant to Rule 103(b) will not be disturbed absent an abuse of discretion. <u>Case v. Galesburg Cottage Hospital</u>, 227 Ill. 2d 207, 213 (2007).

Plaintiff argues that the amount of time that passed from the day her complaint was refiled to the day service was obtained--17 weeks--was not long enough to warrant dismissal under Rule 103(b). Plaintiff relies on our supreme court's decision in <u>Segal v. Sacco</u>, 136 Ill. 2d 282 (1990), in which the plaintiff "inadvertently forgot" to place the complaint with a special process server until 19 weeks after the complaint was filed. <u>Segal</u>, 136 Ill. 2d at 287. The court observed:

"Different factors which a court may consider in determining whether to allow or deny a Rule 103(b) motion include, but are not limited to, (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." <u>Segal</u>, 136 Ill. 2d at 287.

In concluding that the trial court abused its discretion in dismissing the action under Rule 103(b), the <u>Segal</u> court reasoned:

"Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.' [Citation.] In this case, defendants were deputy sheriffs. Plaintiff knew defendants were employed in the office which normally effectuates service of process on defendants in civil suits. Upon discovery that defendants had not been served, it was not unreasonable for plaintiff to have moved for the appointment of special process servers. After the special process servers were appointed, both defendants were served within 12 days.

In this case, because the length of the delay in the service of process was such that the purpose of Rule 103(b) would not be served by dismissing plaintiff's action, the allowance of defendants' Rule 103(b) motion by the circuit court was an abuse of discretion. It would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants a 'fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible.' [Citation.] Under such circumstances, the purpose of Rule 103(b), the protection of defendants from unnecessary delay and the prevention of the circumvention of the statute of limitations, would be promoted." Segal, 136 Ill. 2d at 288-89.

Plaintiff notes that the delay in serving process here was shorter than the delay in Segal. She argues that the delay did not result in the sort of prejudice Segal described, so dismissal was an abuse of discretion. Plaintiff acknowledges that Segal differs from the present case because it did not

involve an action that had been refiled after voluntary dismissal of a case concerning the same subject matter. However, she argues, in essence, that the fact that an action has been refiled following a voluntary dismissal is germane under Rule 103(b) only if the plaintiff failed to exercise diligence to serve the defendant in the original action. There is no question that plaintiff diligently obtained service in the first action. Thus, according to plaintiff, Segal is controlling. Defendant responds that, in ruling on a Rule 103(b) motion, the trial court should consider the entire history of the case and base its decision on the totality of the circumstances. Consequently, in defendant's view, the relevance of the first action goes beyond the question of how quickly service was obtained in that action.

On a number of occasions, our supreme court has considered Rule 103(b)'s diligence requirement in connection with an action that was refiled after a voluntary dismissal or a dismissal for want of prosecution. Five decisions--Aranda v. Hobart Manufacturing Corp., 66 Ill. 2d 616 (1977), O'Connell v. St. Francis Hospital, 112 Ill. 2d 273 (1986), Catlett v. Novak, 116 Ill. 2d 63 (1987), Muskat v. Sternberg, 122 Ill. 2d 41 (1988), and Martinez--merit some discussion here.

In Aranda, the court held that, when a suit is refiled after a dismissal for want of prosecution, the trial court, in assessing diligence for purposes of Rule 103(b), may consider the overall span of time between the filing of the first complaint and the ultimate service of summons in the second case. The court emphasized, however, that "the period of time within which plaintiff must obtain service following the refiling of his suit *** cannot be so abbreviated as to make the right *** [to refile] meaningless." Aranda, 66 Ill. 2d at 620.

In O'Connell, the court held that a plaintiff should not be permitted to voluntarily dismiss a complaint so as to thwart a defendant's motion to dismiss with prejudice under Rule 103(b). When,

in response to a defendant's Rule 103(b) motion, the plaintiff moves to voluntarily dismiss the action, the trial court must consider the defendant's motion on the merits before ruling on the plaintiff's motion for voluntary dismissal. O'Connell, 112 Ill. 2d at 283. The court further held that, when ruling on a Rule 103(b) motion, "the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." O'Connell, 112 Ill. 2d at 283. The court reasoned that "[n]othing is more critical to the judicial function than the administration of justice without delay" (O'Connell, 112 Ill. 2d at 282) and that, to properly discharge this function, "the judiciary must be unimpeded in considering and rendering judgments on matters before it" (O'Connell, 112 Ill. 2d at 282). According to the court, "[w]here a plaintiff (1) fails to exercise due diligence, particularly where his failure continues long after the expiration of the statute of limitations; (2) takes a voluntary dismissal pursuant to section 2--1009 when his diligence is challenged by a Rule 103(b) motion; and (3) refiles his action under section 13--217, even though promptly effecting service on his refiled complaint, justice is truly and unnecessarily delayed." O'Connell, 112 Ill. 2d at 282.

Catlett extended the rule in O'Connell to cases where the defendant is never served in the original case and therefore has no opportunity to file a Rule 103(b) motion in the original case. Catlett, 116 Ill. 2d at 70. The court condemned the practice of employing the right to dismiss and refile "so as to protract unduly and unfairly the service of process on a defendant and defeat Rule 103(b)'s effort to insure the prompt administration of justice." Catlett, 116 Ill. 2d at 70. In Muskat, the court reaffirmed its holdings in O'Connell and Catlett, observing that "[t]he rationale of those cases is that this court may not be thwarted in its constitutional mandate to render justice fairly and

promptly by the manipulation of the statutory provisions relating to dismissal and the refiling of suits." Muskat, 122 Ill. 2d at 48.

In Martinez, the plaintiff filed two factually related medical malpractice lawsuits on the day, or the day before, the statute of limitations expired. The plaintiff voluntarily dismissed the first lawsuit about nine months after it was filed. The other lawsuit was dismissed for want of prosecution about seven months after it was filed. The plaintiff did not attempt to obtain service on the defendants in either lawsuit. Almost one year after the first lawsuit was voluntarily dismissed, the plaintiff refiled a single lawsuit against all of the defendants in both of the prior actions. All of the defendants were served within about 2½ weeks from the day the lawsuit was filed. The trial court granted the defendant's motion to dismiss pursuant to Rule 103(b), but the appellate court reversed. Martinez v. Erickson, 155 Ill. App. 3d 1093 (1987), rev'd, 127 Ill. 2d 112 (1989). The appellate court reasoned that O'Connell did not apply retroactively. Our supreme court disagreed and held that the trial court properly considered the lack of diligence in obtaining service in the original suits. Nonetheless, our supreme court expressed concern that, in granting the motion to dismiss, the trial court may have given too much weight to the lack of diligence in the earlier actions and not enough weight to the plaintiff's conduct after refiling. The Martinez court stated:

> "According to the O'Connell standard, as developed, the circuit judge is to consider service after refiling in light of the entire history of the case. He cannot disregard obvious diligence on the part of the plaintiff after refiling. The determination of diligence must be made in light of the totality of the circumstances. Therefore, we believe that a new hearing should be conducted by the circuit judge, so that he may reconsider the defendants' motions in light of the views expressed here." (Emphasis added.) Martinez, 127 Ill. 2d at 121-22.

In each of these cases, the plaintiff failed to exercise diligence to obtain service in the original lawsuit. It seems clear that the holdings in Aranda, O'Connell, Catlett, Muskat, and Martinez were animated by the concern that a plaintiff could abuse sections 2--1009 and 13--217 of the Code in order to circumvent Rule 103(b) in the original lawsuit. Without the supreme court's interdiction, such abuse could be accomplished either by filing a section 2--1009 motion in order to preempt a Rule 103(b) motion filed by a tardily served defendant or by simply failing to serve the defendant at all. The decisions are therefore directly relevant in situations where the plaintiff's conduct in the original lawsuit would have justified a dismissal under Rule 103(b). As plaintiff astutely observes, however, that is not the case here. The complaint in the original action was served only two days after it was filed.

Although not directly on point, these decisions are instructive, inasmuch as they evince an overarching policy that justice should be administered without delay. E.g., O'Connell, 112 Ill. 2d at 282. As Martinez broadly states, the determination of diligence must be made "in light of the totality of the circumstances." Martinez, 127 Ill. 2d at 122. One might conclude that, when considered in context, the court's remark refers only to the need to consider diligence in obtaining service in both the original and the refiled cases. That, essentially, is plaintiff's position. She contends that circumstances of the original case that do not relate to service of process should not be considered. Our supreme court seems to have taken a broader view of the totality-of-the-circumstances test. The most recent amendment to Rule 103(b) added the directive that, "[i]n considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service

in any case refiled under section 13--217 of the Code of Civil Procedure." (Emphasis added.) Official Reports Advance Sheet No. 13 (June 20, 2007), R. 103(b), eff. July 1, 2007. The word "including" indicates that the relevant circumstances are not limited to diligence in obtaining service in a refiled lawsuit and the lack thereof in a previously dismissed suit, although those circumstances are of sufficient importance to receive specific mention.

Of course, the 2007 amendment to Rule 103(b) took effect after the trial court entered its dismissal order. If the directive that the trial court consider the totality of the circumstances reflected a change in the law, a potentially thorny question might arise as to whether the amendment should apply retroactively. However, we do not believe that the amendment changed the law. The Committee Comments indicate that the amendment was designed to codify the principles of Martinez, so in this regard the amendments were declarative of existing law (rather than a departure from it).

In our view, examination of the totality of the circumstances properly includes consideration of whether the action is an original one or one refiled after either a voluntary dismissal or a dismissal for want of prosecution. When assessing diligence in obtaining service in a refiled action, it is clear that diligence in obtaining service in the original action is a particularly significant consideration. However, it is also appropriate to consider how long the original action was pending and other circumstances bearing on Rule 103(b)'s objective of affording defendants justice without delay. Accord Case, 227 Ill. 2d at 209, 222 (where original action was voluntarily dismissed 25 days after it was filed, action was refiled 11 months later, and defendants were served 8 to 14 days later, trial court could consider only the periods during which lawsuit was pending in determining whether plaintiff was diligent in obtaining service). Moreover, the conduct of the parties in contributing to

any delay in the original action would also seem to be germane under the "totality of the circumstances" approach. For purposes of determining what Rule 103(b)'s diligence requirement entails, an original lawsuit stands on a different footing from a refiled suit; what might amount to diligence in the former case might not in the latter.

Plaintiff contends that the trial court should not get "bogged down" in consideration of all of the circumstances of the original action. We agree that the trial court need not mire itself in an exhaustive survey of every possible source of delay in the original action. However, where the trial court is familiar with the original action or, from examination of the record, is able to draw reliable general conclusions about the plaintiff's diligence, we see no reason why the trial court should not consider the relevant circumstances of the original lawsuit in ruling on a Rule 103(b) motion to dismiss the refiled action. The trial judge in this case also presided over the original action. In determining whether the delay in obtaining service was antithetical to Rule 103(b)'s objective, the court was entitled to consider the length of time the original case was pending and the fact that the matter was set for trial twice before plaintiff voluntarily dismissed the action, and it could reasonably conclude that plaintiff had not acted with diligence.

Although the trial court was entitled to consider the circumstances of the original action, the court should not have considered the length of time plaintiff waited before refiling her suit. During the pendency of this appeal, our supreme court issued its decision in Case, specifically holding that "the time that elapses between the dismissal of a plaintiff's complaint and its refiling pursuant to section 13--217 is not to be considered by a court when ruling on a motion to dismiss for violation of Rule 103(b)." Case, 227 Ill. 2d at 222. Obviously, the trial court cannot be faulted for failing to anticipate the holding in Case. However, because the court's consideration of an improper factor

may have affected its decision, we vacate the order granting defendant's motion to dismiss and remand the cause for reconsideration in light of Case.

Vacated and remanded.

BOWMAN and GROMETER, JJ., concur.